# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-2144/2416

_____

| | | |
|---|---|---|
| Gilbert Copper, Adele Norberg, | * | |
| | * | |
| Cross-Appellants/Appellees, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the District |
| | * | of North Dakota. |
| City of Fargo, | * | |
| | * | [PUBLISHED] |
| Appellant/Cross-Appellee, | * | |
| | * | |
| Sherri Arnold, Kevin Niemann, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: May 13, 1999
Filed: July 22, 1999

_____

Before McMILLIAN, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

In 1991, police arrested Gilbert Copper and Adele Norberg for unlawful picketing of an individual's dwelling in the City of Fargo, North Dakota, in violation of a 1985 city ordinance. That ordinance provides that "[n]o person shall engage in picketing of the dwelling of any individual in the City of Fargo." Litigation over the arrest and overnight incarceration of Copper and Norberg began in the federal courts

in August of 1993 and has continued until disposition of this appeal. The district court[1] conducted two trials. In the first trial, which concluded with a judgment entered on May 10, 1996, Copper and Norberg recovered a judgment of one dollar ($1.00) each against Fargo Police Officer Kevin Niemann but suffered a dismissal of their claims against the City of Fargo. In the second trial, the plaintiffs recovered compensatory damages against the City of Fargo of $2,150.00 in a judgment entered September 8, 1997. The court awarded attorneys' fees of more than $67,000.00 in favor of the plaintiffs.

Much of the work of the trial court and counsel for both parties is for naught. The trial court and the parties participated in a new trial on liability and damages. However, the trial court never in fact ordered a new trial. Thus, only the judgment in the first trial will be enforced and all proceedings after September 12, 1995, including the second jury trial, are vacated as outside the jurisdiction of the district court.

## I. BACKGROUND

On August 20, 1991, the plaintiffs, Gilbert Copper and Adele Norberg, and others paraded and picketed in South Fargo in the vicinity of the dwelling of a person alleged to be a spokesperson for an organization that provides abortion services in the City of Fargo. After receiving a report that a physical altercation between neighborhood residents and the picketers had occurred, Fargo Police Officers Kevin Niemann and Sherri Arnold arrived on the scene. After warning the picketers that they would be arrested for violating the City of Fargo's home picketing ordinance if they did not leave the neighborhood, the police arrested some of the picketers for violating the ordinance. Copper and Norberg were held overnight in jail and the City of Fargo filed charges against them in Cass County District Court for violating the City of Fargo's

---

[1]A United States Magistrate Judge for the District of North Dakota presided with the consent of the parties. See 28 U.S.C. § 636(c).

home picketing ordinance. On February 18, 1992, the Honorable Frank L. Racek dismissed the charges, concluding that the ordinance was constitutional on its face, but unconstitutional as applied to Copper, Norberg and the other picketers arrested on August 20, 1991.

On August 18, 1993, Copper and Norberg (hereinafter "plaintiffs") brought an action against the City of Fargo and Fargo Police Officers Arnold and Niemann. Plaintiffs sought damages for alleged violations of their constitutional rights of speech and assembly based on unconstitutional enforcement of the City of Fargo's home picketing ordinance. On December 30, 1994, the district court dismissed the plaintiffs' federal constitutional claims against Officer Arnold and the plaintiffs' state law claims against all defendants. The district court determined that a fact issue existed as to whether Officer Niemann was aware, at the time of the arrest, of the scope and distance of the plaintiffs' route. After a jury trial on January 10-13, 1995, the jury found the plaintiffs failed in their burden of proof against the City. The jury also found that Officer Niemann failed to establish his qualified immunity defense and awarded Copper and Norberg damages in the amount of $1.00 each against Officer Niemann.

On April 11, 1995, the district court issued a notice of intent to grant a new trial stating that the court found that its mitigation instruction may have misled the jury and combined with the "defendants' closing argument [was] clearly injurious to plaintiffs' case and so prejudicial as to warrant retrial of both the liability and damages issues presented at the first trial." Jt. App. at 144. The court concluded it would wait to enter judgment until the parties advised the court whether they wanted to proceed with a new trial. On May 1, 1995, the district court issued a clarification of its notice of intent to grant a new trial indicating that the district court would give the parties an opportunity to submit motions as to whether a new trial limited to damages against defendant Niemann, and both liability and damages against the City of Fargo should be granted. In that notice, the court also indicated that it would enter judgment on the jury's verdict from the first trial on May 10, 1995.

On May 10, 1995, the district court entered a final judgment pursuant to the jury verdict.[2] On May 22, 1995, within the statutory time limit of ten days, the plaintiffs moved, pursuant to Rules 59(a) and 59(c), for a new trial limited to the issue of the plaintiffs' damages and further moved the court to alter the judgment accordingly. In the conclusion to a memorandum attached to their motion, the plaintiffs asked the court to grant a new trial and/or amend the judgment as follows: "1) Grant summary judgment on liability against all defendants and conduct a new trial limited to the issue of damages; 2) If the Court is still persuaded that a fact issue remains, grant a new trial on liability and damages as to Defendants Arnold and the City of Fargo, and limited to damages against Defendant Niemann." Jt. App. at 152. On August 14, 1995, the district court denied this motion for new trial stating as follows: "Plaintiffs' motion for

---

[2]The judgment pronounced that:

    1. Plaintiffs' complaint and causes of action against defendant Sherri Arnold are dismissed with prejudice.
    2. Plaintiffs' complaint and causes of action against defendant City of Fargo are dismissed with prejudice.
    3. The third and fourth causes of action set forth in plaintiffs' complaint against defendant Kevin Niemann are dismissed with prejudice [state law claims for malicious prosecution and false arrest/false imprisonment].
    4. Judgment is entered in favor of plaintiff Gilbert Copper and against defendant Kevin Niemann in the amount of $1 awarded by the jury on plaintiff's first and second causes of action, with post-judgment interest.
    5. Judgment is entered in favor of plaintiff Adele Norberg and against defendant Kevin Niemann in the amount of $1 awarded by the jury on plaintiff's first and second causes of action, with post-judgment interest.

Jt. App. at 147-148.

–4–

a new trial on damage issues only (doc. #77) is denied." Jt. App. at 157.[3] No further action occurred in the case until September 27, 1995, when the clerk's minutes reflect a status conference and discussion of possible new trial dates.

On April 10, 1997, the district court determined that the City of Fargo's 1985 home picketing ordinance was unconstitutional as a content-based restriction on free speech under this court's decision in Kirkeby v. Furness, 92 F.3d 655 (8th Cir. 1996). The district court therefore granted summary judgment on liability against the City and granted summary judgment dismissing defendant Niemann from the action. Thereafter, on August 21, 1997, a second jury trial occurred in which the jury awarded damages in the amount of $1,000.00 in favor of Copper and $1,150.00 in favor of Norberg solely against the City of Fargo. From a judgment entered on September 18, 1997 and the award of attorneys' fees on March 31, 1998, the City brings this appeal.[4]

## II.  DISCUSSION

The district court did not have jurisdiction to conduct a second trial in this case because it never entered an order granting a new trial. Rule 59 of the Federal Rules of Civil Procedure requires a party to move for a new trial within ten days after judgment. Rule 59 further provides:

> **(d) On Court's Initiative; Notice; Specifying Grounds.** No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's

---

[3]Doc. #77 is the plaintiffs' motion for new trial.

[4]The plaintiffs have also filed a cross-appeal seeking a new trial against Officer Niemann, as well as Officer Arnold, and seeking punitive damages against them. In light of our disposition of this case determining that the first trial resulted in the final judgment, we will not address those issues and they are now moot.

motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.

The district court denied the plaintiffs' motion for a new trial on August 14, 1995, and never issued an order granting a new trial on all issues. Notwithstanding that no order granting a new trial on all issues exists, the plaintiffs contend that language in the August 14, 1995 order combined with language in the district court's previous orders demonstrate that the court implicitly granted a new trial on the court's own initiative. This argument fails because a district court cannot implicitly grant a new trial under Rule 59. Instead, if a district court denies a party's motion for a new trial, the district court must specify other grounds for a new trial in an order under Rule 59 if it decides on its own initiative to grant a new trial. See Central Microfilm Serv. v. Basic/Four Corp., 688 F.2d 1206 (8th Cir. 1982). This court stated as follows:

> When a party has timely moved for a new trial but the court orders such relief on a ground not raised in the motion, the court is deemed to have acted on its own initiative. Under Rule 59, however, the court has authority to act outside the ten-day limit in this circumstance, provided it gives the parties notice and an opportunity to be heard and specifies the grounds on which it grants the new trial.

Id. at 1211 (citing Wright & Miller, Fed. Prac. & Proc. § 2813). In this case, the district court never did issue an order granting a new trial and, therefore, did not specify grounds for a new trial as would be required by Rule 59.

That the parties and the district court continued with proceedings subsequent to the final judgment in this case does not constitute a waiver of the requirements of the Federal Rules of Civil Procedure. The district court lost jurisdiction to further litigate

this case. The district court and the parties cannot waive the requirements of Rule 59. See Nugent v. Yellow Cab Co., 295 F.2d 794 (7th Cir. 1961).

The plaintiffs further argue that the district court's order of August 14, 1995 does not constitute a final appealable order due to noncompliance with Rule 58 of the Federal Rules of Civil Procedure. Rule 58 requires for entry of a final judgment, the entry of a separate document, and notation in the docket by the district court clerk. The plaintiffs' argument fails because the denial of a motion for a new trial leaving the old judgment unaffected does not fall under Rule 58. See Marre v. United States, 38 F.3d 823, 825 (5th Cir. 1994). The district court is not required to issue a new judgment or enter a separate written order. Id. On May 10, 1995, the district court signed a document entitled "Judgment" and the Clerk of the United States District Court of the District of North Dakota entered the "Notice of Entry of Judgment" that same day. Thus, the district court followed the requirements of Rule 58.

Alternatively, the plaintiffs contend there exists no final appealable order because the issues raised in the new trial motion were still pending. See Washington v. Confederated Tribes, 447 U.S. 134, 149-50 (1980). A non-final order would deprive this court of jurisdiction under 28 U.S.C. § 1291. Specifically, the plaintiffs assert that the district court failed to address their second request in their memorandum for "a new trial on liability and damages as to Defendants Arnold and the City of Fargo, and limited to damages against Defendant Niemann." Jt. App. at 152. However, on its face the August 14, 1995 order did not leave any issues unresolved. As previously stated, the order denied the plaintiffs' motion for a new trial on the issue of damages only. The order also stated that the district court would not "alter the judgment entered in this case according to plaintiffs' suggestions." Jt. App. at 156.

During oral argument, the plaintiffs also referred to Rule 60(a) of the Federal Rules of Civil Procedure which reads as follows:

**(a) Clerical Mistakes**. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Fed.R.Civ.P. 60(a). We reject the plaintiffs' contention that the jurisdictional problem in this case can be remedied by classifying it as a clerical mistake. This is not a clerical mistake in a judgment or order. The district court simply did not issue an order for a new trial.

Accordingly, we find no merit and no case law which supports the plaintiffs' suggestions that the second trial comes within the jurisdiction of the district court. Therefore, we enforce the judgment rendered at the conclusion of the first trial. Moreover, because of the change in judgment, we remand this case to the district court to modify the attorneys' fees awarded. The plaintiffs, as the prevailing party in the first jury trial, are entitled to attorneys' fees. However, on remand the district court must determine the appropriate amount of attorneys' fees in light of the damages awarded by the first jury verdict. See Farrar v. Hobby, 506 U.S. 103 (1992). Each party is responsible for their own fees and costs on appeal.

## III. CONCLUSION

We conclude that the district court lacked jurisdiction to proceed with a second trial because the record indicates no order granting a new trial as required by Rule 59. We, therefore, reverse the entry of the second judgment and the initial judgment of May 10, 1995 stands. We remand for a determination and award of appropriate attorneys' fees.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.