**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-31409**

_____


**NORMA H. DUHON and TURNEY J. DUHON,**
                                    **Plaintiffs-Appellants,**

**versus**

**LUTHER JAMES MARCEAUX, CALVIN JAMES MARCEAUX, and**
   **COLONIAL COUNTY MUTUAL INSURANCE COMPANY,**
                                    **Defendants-Appellees.**


_____

**Appeal from the United States District Court**
**for the Western District of Louisiana,**
**Lafayette-Opelousas Division**
**99-CV-203**
_____

February 25, 2002


Before JONES, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

        Plaintiffs Norma and Turney Duhon appeal from a final judgment entered for the defendants in this negligence action. The parties tried the case twice before juries. The first jury returned a confusing and inconsistent verdict awarding modest damages to Duhon. Both parties filed motions for a partial new trial, and the district court vacated the first judgment in its entirety. In the second trial, the jury found that defendant

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Luther Marceaux was not negligent, and the district court entered judgment for the defendants. We affirm the judgment and hold that (1) the district court's order vacating the judgment after the first trial was valid; (2) the district court did not abuse its discretion in vacating the judgment in its entirety, rather than ordering a new trial on damages alone (as Duhon had requested); and (3) the district court did not abuse its discretion in granting the defendants' motion *in limine* prior to the second trial.

## I.  FACTS AND PROCEDURAL HISTORY

This case arises from a traffic accident on Interstate 10 near Lafayette, Louisiana. Luther Marceaux, the driver of a tractor-trailer, crashed into Norma Duhon's pickup truck at a speed of approximately 25 miles per hour. Norma Duhon and her husband, Turney, filed an action in state court against Luther Marceaux; Calvin Marceaux, the owner of the tractor-trailer; and Colonial County Mutual Insurance Company, Marceaux's insurer. The defendants removed the case to federal court.

The case was tried before a jury in February 2000. The jury found in favor of Duhon, but their verdict was troubling in several respects. First, the jury awarded Duhon approximately $35,000 for medical expenses and property damage but awarded nothing for Norma Duhon's pain and suffering or Turney Duhon's loss of consortium. As the Duhons emphasized in their motion for a new trial on damages, "To award special damages for medical expenses

2

and lost wages, but not for general damages -- personal injury, pain and suffering, etc. -- is, as a matter of Louisiana law, to err." Pagan v. Shoney's, Inc., 931 F.2d 334, 337 (5th Cir. 1991).

Second, the jury concluded that Norma Duhon was 40% at fault even though her negligence was not a proximate cause of the accident. Clearly, if the jury had concluded that Duhon's negligence was not a cause of the accident, they should not have reached the comparative fault question. Although Duhon now characterizes these inconsistent findings as a "glitch" caused by a poorly-worded jury interrogatory form, the parties and the court engaged in a lengthy sidebar discussion in which it was agreed that the jury seriously misunderstood their instructions. At that time, the district court decided to disregard the jury's comparative fault answer.

After the district court had entered judgment for Duhon, both parties filed timely motions for a new trial. Duhon requested a new trial on damages because of the jury's failure to award general damages. Marceaux emphasized that the jury's findings as to causation and comparative fault were irreconcilable and that the circumstances suggested that the jury rendered a compromise verdict. Marceaux thus requested that the court grant a new trial on the issue of liability if the court granted a new trial as to damages.

The district court conducted a hearing on these motions and ordered that the judgment be "vacated and set aside as to all

3

parties and all issues." Although the district court's reasons were not included in the written order, the court stated that its decision was based on "oral reasons assigned" at the hearing held earlier that day. In this same order, the district court denied as moot both parties' motions for a new trial.

The district court scheduled a new trial for October 2000. Prior to the second trial, the district court granted Marceaux's motion *in limine* to exclude opinion testimony of the highway patrolman who had investigated the accident. Although the officer testified at the second trial, he was not permitted to state his conclusions as to which party was responsible for the accident.

The second jury found that Marceaux was not negligent, and the court entered judgment for the defendants. This appeal followed.

## II. DISCUSSION

### A

First, Duhon contends that the district court lacked jurisdiction to conduct the second trial because the court's order vacating the first judgment did not comply with Federal Rule of Civil Procedure 59(d). We review this issue *de novo*.

Duhon makes much of the fact that the district court did not explicitly order a new trial but merely vacated the judgment entered on the first jury verdict. While we agree with the Eighth

4

Circuit that a district court "cannot implicitly grant a new trial under Rule 59," Copper v. City of Fargo, 184 F.3d 994, 997 (8th Cir. 1999), we are not faced with that situation here. In Copper, the district court entered a judgment awarding nominal damages to the plaintiff. Suggesting that the jury may have been misled by the jury instructions, the district court invited the parties to file motions for a new trial. The plaintiffs filed a motion for new trial on damages only, which the district court denied three months later. The Eighth Circuit noted that "no further action occurred in the case" until the parties and the district judge met to schedule a new trial. Id. Although the parties implicitly consented to a new trial, the district court in Copper *left the first judgment intact*, yet proceeded to reconsider the substantive issues of the case and dispose of them by summary judgment, and thereafter conducted a second jury trial on damages. Such is plainly not the case here: after holding a hearing on the pending new trial motions, the district court vacated the first judgment before proceeding to schedule and conduct a second trial.

Duhon also argues that the district court's order vacating the first judgment was invalid because it was issued more than 10 days after the judgment. See Fed. R. Civ. P. 59(d)("No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion."). However, as this court has explained,

the 10-day rule applies only when no motion for a new trial is pending. See Tarlton v. Exxon, 688 F.2d 973, 978 (5th Cir. 1982)(citing the Advisory Committee Note to the 1966 amendment to Rule 59(d)); see also WRIGHT & MILLER, 11 FED. PRAC. & PROC. CIV. 2D § 2813 (explaining that a district court has the power, "in cases in which there has been a timely motion for a new trial, to grant a new trial after the ten-day period has expired on a ground not relied on in the motion"). In this case, both parties filed timely motions for a new trial, and the court was permitted to order a new trial for reasons not articulated in the pending motions, even though more than 10 days had passed since the entry of judgment.

Duhon also contends that the district court's order was fatally defective because the court failed to explain its reasons for vacating the first judgment. See Fed. R. Civ. P. 59(d)("After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in the motion, the court shall specify the grounds in its order."). As noted above, the order states that the judgment was vacated for reasons given during the hearing earlier that day. Although Duhon now asserts that the district court's reasons were unclear, Duhon has failed to provide this court with a transcript of the April 6th hearing on the new trial motions. By failing to produce a suitable record on appeal, Duhon has effectively waived her right to challenge the court's order on this

6

ground.  See Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990)(dismissing an appeal for failure to provide a transcript); Deines v. Vermeer Manufacturing Co., 969 F.2d 977, 979-80 (10th Cir. 1992)(holding that the appellant's failure to provide a suitable record rendered the appellant's contentions unreviewable). In sum, Duhon has presented no persuasive argument that the district court's vacatur of the first judgment was impermissible under Rule 59(d).

B

Second, Duhon contends that the district court abused its discretion in granting a new trial on all issues, rather than on damages only.[1]  "Our review of a district court's decision to grant a new trial is broader than our review of a district court's denial of a new trial, but the standard remains one of abuse of discretion."  Reddin v. Robinson Property Group Ltd. Partnership, 239 F.3d 756, 758 (5th Cir. 2001).

Our review of this issue is hampered by Duhon's failure to provide this court with the district court's account of its reasons for granting a new trial.  Nevertheless, the district court knew that it would probably have to conduct a new trial on damages anyway; that the issues of negligence (including comparative negligence) and causation were vigorously contested; that the jury misunderstood their instructions with regard to these contested

---

[1]    We assume for the sake of argument that a new trial on damages would have been required under Pagan v. Shoney's, supra.

7

issues; and that the jury's verdict -- that Duhon was 40% at fault even though her negligence was not a proximate cause of the accident -- simply made no sense. Under these circumstances, the district court's decision to grant a new trial on all issues, rather than on damages alone, does not constitute an abuse of discretion.

C

Third, Duhon contends that the district court erred in granting (prior to the second trial) Marceaux's motion *in limine* to exclude Officer Chad Gaudet's opinion testimony as to who caused the accident.[2] We review the district court's evidentiary rulings for an abuse of discretion. Reddin, 239 F.3d at 759.

Marceaux's motion *in limine* was based on Rule 701:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. It is undisputed that Officer Gaudet was not qualified to testify as an expert in accident reconstruction and that he did not witness the accident. As a general rule, police officers' lay "opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene" are excluded

---

[2]   At the first trial, Officer Gaudet testified that, in his opinion, the accident was caused by Marceaux's inattentiveness.

8

under Rule 701.  See 38 A.L.R.2d 13 §22; <u>Ernst v. Ace Motor Sales, Inc.</u>, 550 F.Supp. 1220, 1223 (E.D. Pa. 1982), *aff'd without op.*, 720 F.2d 661 (3d Cir. 1982)(officer's lay opinion testimony was admissible only to the extent that it pertained to the point of impact).  As Duhon cites no authority to the contrary,[3] we conclude that the district court did not abuse its discretion in granting Marceaux's motion *in limine*.

Alternatively, Duhon suggests that the district court abused its discretion in excluding Officer Gaudet's accident report.  However, the motion *in limine* did not address the admissibility of the accident report, and the district court specifically stated that the report could be used as long as Duhon redacted those portions of the report that expressed an opinion about the cause of the accident.  Then, at trial, Duhon asked Officer Gaudet to read from the narrative section of the report, but Duhon never sought to admit the accident report itself into evidence.  There can be no error here inasmuch as the district court did not exclude the accident report, either in its ruling on the motion *in limine* or during the trial itself.

---

[3]    Specifically, Duhon cites no decision in which Rule 803(8)(C) (the public records exception) has been applied to conclusions reached in police reports.  See Fed. R. Evid. 803(8)("Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions and proceedings . . . , factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.").  In other contexts, this court still distinguishes between admissible findings of fact and inadmissible evaluative conclusions or opinions in official reports.  See, e.g., <u>Smith v. Isuzu Motors Ltd.</u>, 137 F.3d 859, 862 (5th Cir. 1998).

### III.  CONCLUSION

Because we find no reversible error in the district court's decisions to order a new trial and exclude the officer's opinion testimony, the judgment of the district court is **AFFIRMED**.