# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1852

_____

United States of America,             \*

                                 \*

             Appellee,     \*

                                 \*   Appeal from the United States

     v.                      \*   District Court for the District of

                                 \*   Minnesota.

Stephen W. Carlson,          \*

                                 \*   [UNPUBLISHED]

             Appellant.    \*

                                 \*

_____

Submitted:  July 23, 2002

Filed:  August 5, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Stephen W. Carlson signed promissory notes for federally-insured student loans in December 1976 and January 1978. The first loan was for $1665, the second was for $2500. He agreed to repay the notes beginning nine months after he ceased to be at least a part-time student; the loans carried an interest rate of seven percent.

The notes were declared in default. The United States Department of Education gained collection rights when the loans were assigned to it under the

reinsurance program. Carlson did not make any voluntary payments on the notes, and the United States began collection procedures in 1999. In June 2000, the district court* granted partial summary judgment to the United States, holding that no material facts were in dispute about whether Carlson had signed the promissory notes or defaulted. The parties disputed material facts about the amount of interest owed, however: Carlson contended he was enrolled as a part-time student until 1984, thus his loans did not come due until later that year. Department of Education records indicate his loans came due in November 1980. The United States then stipulated that Carlson was a part-time student until 1984. In October 2000, because no more material facts were in dispute, the district court granted summary judgment on the remaining issue of student loan interest, holding Carlson owed the United States $4368.15 in principal and $4779.20 in interest.

When the case was pending in the district court, Carlson raised counterclaims which were dismissed. Carlson also filed third-party claims against the University of Minnesota (the university he took out federal student loans to attend). Because the third-party claims remained unresolved fifteen months after the district court granted summary judgment to the United States, the United States submitted a Rule 54(b) motion to the district court, seeking partial final judgment for its loan collection action. The district court granted this motion on January 18, 2002 and the clerk entered the judgment on the docket on January 24, 2002.

Carlson appeals the district court's adverse grant of the United States's Rule 54(b) motion. In response, the United States argues Carlson's appeal should be dismissed because it was not timely filed. Federal Rule of Appellate Procedure 4(a)(1)(B) states: "When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order

---

*The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

appealed from is entered." Because only final orders are appealable, a district court's judgment or order must comply with Federal Rules of Civil Procedure 58 and 79(a), which require "for entry of a final judgment, the entry of a separate document [by the clerk's office], and notation in the docket by the district court clerk." Copper v. City of Fargo, 184 F.3d 994, 989 (8th Cir. 1999); see also Firstier Mtge. Co. v. Investors Mtge. Ins. Co., 498 U.S. 269, 277 (1991) (noting that the clerk's office must enter a judgment on the docket for that judgment to be final). Although the district court announced its judgment and the clerk's office issued a separate document on January 18, the judgment did not become final until the clerk's office entered it in the docket on January 24. Carlson had sixty days from the date the judgment was entered to file an appeal. He timely filed his appeal on March 25, the sixtieth day.

We now turn to Carlson's claims on their merits. First, Carlson raises jurisdictional claims. He claims the district court lacked subject matter jurisdiction in the initial action; however, because the United States is the plaintiff in this action, the district court had subject matter jurisdiction under 28 U.S.C. § 1345 (2000). He also argues the district court committed error when it dismissed his counterclaims against the United States; however, the United States is shielded from lawsuits unless it specifically waives its sovereign immunity, and it has not done so in this case. See United States v. Mitchell, 445 U.S. 535, 538 (1980). Finally, he attacks this court's jurisdiction to hear the appeal he has filed from the Rule 54(b) motion, but because the district court's grant of a Rule 54(b) motion is a partial final order in the case, our review of the claim is proper. Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000).

Second, Carlson raises several substantive claims, all of which we have reviewed, whether stated here or not. Most importantly, Carlson contends the district court abused its discretion by entering the Rule 54(b) motion. Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 806-07 (8th Cir. 1993) (standard of review). Although Carlson's third-party claims against the University of Minnesota

were raised as part of this litigation, the third-party claims allege discrimination as well as constitutional violations. Whether Carlson or the University of Minnesota prevails on those claims, neither outcome will affect the district court's conclusion that the United States was entitled to summary judgment on its loan collection action. Thus, the district court did not abuse its discretion when granting the United States's Rule 54(b) motion. Additionally, we agree with the district court that summary judgment for the United States was appropriate. <u>Curd v. Hank's Discount Fine Furniture, Inc.</u>, 272 F.3d 1039, 1041 (8th Cir. 2001) (de novo review of summary judgment).

For the reasons stated above, we deny the United States's motion to dismiss this appeal as untimely and affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-