# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2225

_____

| | | |
|---|---|---|
| Gilbert Copper; Adele Norberg, | * | |
| | * | |
| Plaintiffs - Appellees, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| City of Fargo, North Dakota; Sherri | * | District of North Dakota. |
| Arnold, | * | |
| | * | [UNPUBLISHED] |
| Defendants, | * | |
| | * | |
| Kevin Niemann, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 12, 2003
Filed: June 20, 2003

_____

Before LOKEN, Chief Judge, BRIGHT, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In 1991, police arrested Gilbert Copper and Adele Norberg for violating the City of Fargo's residential picketing ordinance. Copper and Norberg sued the City and several police officers for violating their First, Fourth, and Fourteenth

Amendment rights. The district court conducted two trials.[1] In the first trial, Copper and Norberg recovered a judgment of one dollar each against one of the police officers, Kevin Niemann, but suffered a dismissal of their claims against the City of Fargo. In the second trial, the plaintiffs recovered compensatory damages against the City of $2,150.00, and the court awarded attorneys' fees of more than $67,000.00 in favor of the plaintiffs. On appeal, a panel of this court reversed, determining no jurisdiction existed in the district court for the second trial, and reinstated the first jury award and remanded for a determination and award of appropriate attorneys' fees. See Copper v. City of Fargo, 184 F.3d 994 (8th Cir. 1999).

On remand, the district court denied a motion by Niemann for relief from judgment under Federal Rule of Civil Procedure 60(b). The court then awarded attorneys' fees of $42,705.75 and costs of $3,454.51 in favor of the plaintiffs. Niemann now appeals and argues that the court erred in its award of fees and costs and in denying his motion for relief from judgment. We affirm.

DISCUSSION

Following the first trial, the trial court vacated the award against Officer Niemann on the basis of qualified immunity and held the City of Fargo liable to plaintiffs as a matter of law. In Copper v. City of Fargo, we concluded that the trial court did not have jurisdiction to conduct a second trial because it never entered an order granting a new trial. 184 F.3d at 995. We enforced only the judgment in the first trial and determined that all the proceedings after September 12, 1995, including the second jury trial should be vacated as null and void

_____

[1]The Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota, presided with the consent of the parties. See 28 U.S.C. § 636(c).

because of lack of jurisdiction in the district court.  We sent the case back with the following instructions:

> Moreover, because of the change in judgment, we remand this case to the district court to modify the attorneys' fees awarded.  The plaintiffs, as the prevailing party in the first jury trial, are entitled to attorneys' fees.  However, on remand the district court must determine the appropriate amount of attorneys' fees in light of the damages awarded by the first jury verdict.  See Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

184 F.3d at 998.

In accordance with our instructions, the district court considered plaintiffs' motion for attorneys' fees, and also considered Kevin Niemann's motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  The court denied Niemann's Rule 60(b) motion and informed Niemann that he  could not request that the district court vacate a judgment which he expressly invited the Eighth Circuit to reinstate against him.

The court went on to discuss the attorneys' fees award.  It reiterated an earlier decision on this issue, recognized the "public benefit realized by challenging unconstitutional action by a public body or official," and concluded that plaintiff's victory was "far more important than the damages awarded."  In assessing the fees amount, the court properly relied on the September 12, 1995 date and found that time spent until that date could be legitimately claimed.  The court then carefully calculated and itemized the fees claimed by the lead attorney, the other counsel, and the paralegal for the trial and post-remand activity.  The court ultimately arrived at $42,705.75 in attorneys' fees and $3,454.51 in costs.

On appeal, Niemann now argues that Copper and Norberg were not prevailing parties under the case law of this court and the Supreme Court's decision in <u>Farrar v. Hobby</u>. Niemann also contends that the district court erred in not granting his Rule 60(b) motion in light of the en banc opinion in <u>Veneklase v. City of Fargo</u>, 248 F.3d 738 (8th Cir. 2001), and subsequent actions by the district court after September 1995.

These arguments for the most part are frivolous. Our prior panel opinion resolved the issue of prevailing parties. <u>See</u> <u>Copper</u>, 183 F.3d at 998 ("The plaintiffs, as the prevailing party in the first jury trial, are entitled to attorneys' fees."). Moreover, the law of the case is the first jury verdict, and any proceedings after September 12, 1995 are a nullity. The district court did not err in its calculation of attorneys' fees or in its ruling on Niemann's Rule 60(b) motion.

This case and related litigation arising from enforcement or attempted enforcement of the anti-picketing ordinance in Fargo[2] has been extremely expensive. The ordinance has since been repealed. The legal cost to the City has been very high. Too much time, money, and effort have been expended on an ordinance that is no longer in effect. The litigation should have been settled many years ago. This controversy ought to have been settled at an early date, at least when the City rescinded the ordinance in question. It is now time to end this litigation.

---

[2]<u>See</u>, <u>e.g.</u>, <u>Copper v. City of Fargo</u>, 905 F.Supp. 680 (D.N.D. 1994); <u>Veneklase v. City of Fargo</u>, 904 F.Supp. 1038, 1058 (D.N.D. 1995); <u>Veneklase v. City of Fargo</u>, 78 F.3d 1264 (8th Cir. 1996) ("Veneklase I"); <u>Copper v. City of Fargo</u>, 184 F.3d 994 (8th Cir. 1999); <u>Veneklase v. City of Fargo</u>, 200 F.3d 1111 (8th Cir. 1999) ("Veneklase II"), <u>vacated by order granting reh'g en banc</u>; <u>Veneklase v. City of Fargo</u>, 248 F.3d 738 (8th Cir. 2001).

Plaintiffs are entitled to costs on appeal.  Let the mandate issue forthwith.

A true copy.

  Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.