**GREGSON & ASSOCIATES ARCHITECTS, Appellant,**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

**No. 81–1605.**

United States Court of Appeals, Third Circuit.

Argued Dec. 8, 1981.

Resubmitted March 10, 1982
Before Original Panel
Pursuant to Rule 12(6).

Decided April 15, 1982.

Rehearing Denied May 6, 1982.

Robert W. Hassett (argued), Gort, Hassett & Shannon, Atlanta, Ga., Frank Padilla, Frederiksted, St. Croix, V. I., for appellant.

Richard R. Knoepfel, Asst. Atty. Gen., Dept. of Law, Charlotte Amalie, St. Thomas, V. I. (argued), William C. Murray, Jr., Christiansted, St. Croix, V. I., for appellee.

Before HUNTER, VAN DUSEN and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Oral argument in the instant case was heard by this panel on December 8, 1981. On January 5, 1982, we filed an opinion in which we dismissed the appeal for lack of appellate jurisdiction. We subsequently granted rehearing before the panel, and we now file this superseding opinion, in which we conclude that appellate jurisdiction exists. By order of this court dated February 21, 1982, the panel's opinion filed and judgment entered on January 5, 1982 has been vacated. For the reasons stated below, we will affirm the judgment of the district court.

FACTS

Appellant Gregson & Associates Architects brought suit in the federal district court for the District of the Virgin Islands seeking relief on contract and quantum meruit theories for architectural services it claimed to have provided to the Government of the Virgin Islands. The district court found that no valid contract existed, and that quantum meruit recovery was unavailable because no benefit was shown to have accrued to the government. Gregson now appeals the judgment entered in favor of the defendant Government of the Virgin Islands.

JURISDICTION

The threshold issue is that of timeliness of this appeal. Fed.R.App.P. 4(a)(1) provides in part:

In a civil case in which an appeal is permitted by law as of right from a dis-

trict court to a court of appeals the notice of appeal . . . shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from . . . .

Judgment was entered by the district court in this case on February 26, 1981. The notice of appeal was not filed until April 6, 1981, more than thirty days after this judgment. Appellant contends, however, that the district court's order of February 26, 1981 did not constitute a "judgment" within the meaning of Rule 4 since the court's order did not meet the requirements of Fed.R.Civ.P. 58. Rule 58 provides in part that "[e]very judgment shall be set forth on a separate document."

In the instant case, the judgment of the district court was set forth within a four-page document including a memorandum opinion by the court. The district court's order of February 26 carried the heading "MEMORANDUM OPINION AND JUDGMENT." On the last of the four pages of the document there appeared a separate heading, "JUDGMENT," under which the judgment of the court was stated.[1] The document was entered on the court's docket.[2] Furthermore, appellant admitted at oral argument that it had understood the February 26 order as containing the judgment of the district court. Indeed, the very notice of appeal at issue here, filed by appellant, provides:

> NOTICE IS HEREBY GIVEN that GREGSON & ASSOCIATES ARCHITECTS, Plaintiff/Intervenor-Appellant, hereby appeals to the Third Circuit Court of Appeals from the Judgment entered in this court on the 26th day of February, 1981.

In *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), the Supreme Court discussed the purpose of the separate document requirement:

The reason for the "separate document" provision is clear from the notes of the advisory committee of the 1963 amendment. [Citation omitted.] Prior to 1963, there was considerable uncertainty over what actions of the District Court would constitute an entry of judgment, and occasional grief to litigants as a result of this uncertainty.

*Id.* at 220, 93 S.Ct. at 1564. The provision, the Court held, was a " 'mechanical change' that must be mechanically applied to avoid new uncertainties as to the date on which a judgment is entered." *Id.* at 222, 93 S.Ct. at 1565.

Five years later, in *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), the Court reiterated the purpose behind the rule:

> The sole purpose of the separate-document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal . . . begins to run. . . . The separate-document requirement was thus intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely.

*Id.* at 384–85, 98 S.Ct. at 1119–20. While ostensibly adhering to the *Indrelunas* requirement of mechanical application of the separate document rule, the *Bankers Trust* court examined the facts of the case before it and ruled that appellate jurisdiction existed even though no separate document had been filed. The Court noted that "the District Court clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final

---

1. Our review of the relevant case law convinces us that this order does not satisfy the Rule 58 requirement that "[e]very judgment shall be set forth on a separate document." *See, e.g., Calmaquip Engineering West Hemisphere Corp. v. West Coast Carriers Ltd.*, 650 F.2d 633, 635–36 (5th Cir. 1981); *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 689 (4th Cir. 1978).

2. The docket entry reads: "Memorandum opinion and judgment entered by Clarence C. Newcomer, sitting by designation granting judgment on behalf of the defendant Government of the Virgin Islands, filed." The docket entry is dated February 26, 1981.

decision in the case. A judgment ... was recorded in the clerk's docket." 435 U.S. at 387, 98 S.Ct. at 1121. Furthermore, the Court stated, the appellee obviously did not object to the taking of an appeal in the absence of a separate judgment. Under the circumstances, the Court deemed the parties to have waived the separate document requirement. *Id.* at 387–88, 98 S.Ct. at 1121–22.

Similarly, in *International Brotherhood of Teamsters Local 249 v. Western Pennsylvania Motor Carriers Association,* 660 F.2d 76 (3d Cir. 1981), we refused to require literal compliance with the separate document requirement of Rule 58. Rather, "[o]ur review of the record satisfie[d] us that the district court intended its ... order to serve as its judgment in the instant case." 660 F.2d at 80. Thus, in *Teamsters Local 249,* as in *Bankers Trust,* the purposes of the separate document rule would not be served by its application.

■ The separate document requirement was clearly intended to rescue an appellant who fails to recognize the final judgment of the district court as a final judgment. But appellant does not claim that he was uncertain about whether the February 26 order was the district court's final judgment. To the contrary, appellant asserts that he "incorrectly" believed that the order *was* the final judgment.[3] Appellant was not incorrect. The document was in fact the final judgment; it was docketed and treated as such by the court and by both parties. Under these particular facts, it would seem that no purpose of the separate document rule would be served by allowing appellant more than the thirty days he thought he had.

Nevertheless, we are constrained by the Supreme Court's decision in *Indrelunas* to apply the separate document requirement in this case. The court of appeals in *Indrelunas* had engaged in an analysis of the purpose of the requirement; it then examined the facts surrounding the Govern-

ment's filing of the notice of appeal in that case:

> This Notice, filed some eight months prior to the February motion for entry of judgment, indicates to this court that the government believed the case to be ripe for appeal following the District Court's directive that entry of judgment be made and there be judgment on the verdicts as so entered. In this case there was nothing left to be done by the court and everyone involved so understood the judgment to be final. It would, therefore, be somewhat absurd to hold that although all the parties involved understood the case to be at an end, the time limits for appeal would not begin to run until some undetermined point in the future when a formal document was included in the file. In our opinion, the crucial element is that the parties understood the original decision to be final. This understanding, together with the entry of judgment on the docket, considered in context with the foregoing interpretation of the present Rule 58, Fed.R.Civ.P., lead us to the conclusion that the government's appeal in this case is untimely. A holding to the contrary would, in our opinion, allow undue advantage to be taken of a revision in Rule 58 which was intended to clarify and speed-up the entry of judgment, not provide an avenue for prolonging litigation. For example, if we were to find that such a formal document is an absolute necessity in every case, there would undoubtedly be cases that could remain appealable *ad infinitum,* notwithstanding the fact that all parties involved believed the case to be at an end. We, therefore, dismiss the defendant's appeal.

*Foiles v. United States,* 465 F.2d 163, 168–69 (7th Cir. 1972), *rev'd sub nom. United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (footnote omitted). The reasoning of the Seventh Circuit applies with equal force to the facts in the instant case; however, it was exactly this

---

**3.** Appellant's Petition for Rehearing at 8.

kind of "case-by-case tailoring"[4] of the separate document requirement which was expressly rejected by the Supreme Court when it reversed the court of appeals in *Indrelunas.*

Thus, because the final judgment of the district court was not entered on a separate document, the thirty-day period prescribed by Fed.R.App.P. 4(a)(1) never began to run. Appellant's notice of appeal cannot be untimely, and we conclude that appellate jurisdiction exists in this case.[5]

## APPELLANT'S CLAIMS

■ The district court, sitting without a jury, found that no valid contract existed between appellant and the Government of the Virgin Islands, and, because no benefit was shown to have accrued to the government, that quantum meruit recovery was unavailable. Our review of the record supports the district court's conclusions.

Therefore, the judgment of the district court will be affirmed.

---

**4.** 411 U.S. at 221, 93 S.Ct. at 1564.

**5.** As discussed *supra,* the lack of a separate document does not preclude us from recognizing the existence of an appealable final judgment. *See, e.g., Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978); *International Brotherhood of Teamsters Local 249 v. Western Pennsylvania Motor Carriers Ass'n,* 660 F.2d 76 (3d Cir. 1981).