**GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF PROPERTY AND PROCUREMENT, Appellant**

**v.**

**CONSTRUCTION TECHNICIANS, Appellee**

D.C. Civ. App. No. 96-213

T.C. Civ. No. 534-1995

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 27, 1996

DENISE GEORGE COUNTS, ESQ., St. Thomas, U.S.V.I., *For Plaintiff(s)*

PAUL GIMENEZ, ESQ., (Office of the Attorney General), JULIO BRADY, ESQ., St. Thomas, U.S.V.I., *for Defendant(s)*

MOORE, *Chief Judge*

### OPINION

Construction Technicians ["appellee"] has moved to dismiss this appeal as untimely. The Government has opposed the motion. For the reasons stated herein, this Court denies appellee's motion to dismiss for lack of jurisdiction. *Island Block Corp. v. Government of the Virgin Islands*, Civ. No. 96-148, V.I. BBS 96CI148A.DT1, 1996 WL 635500 (Oct. 30, 1996).

The record reflects that on August 30, 1996, the Government filed its notice of appeal, which was almost a year after the trial court entered final judgment on August 3, 1995. Appellee contends that

184

pursuant to the Federal Rules of Appellate Procedure, appellant was required to file his appeal by September 3, 1996, and that the Government's failure to demonstrate any justifiable reason for filing the appeal after the ordinary thirty day deadline under FED. R. APP. P. 4(a) bars further review of the Government's grievance. Appellee's point could be well taken, except for the form and manner in which the Territorial Court entered the final judgment.

■■ "The practice and procedure of the Territorial Court shall be governed by the Rules of the Territorial Court and, to the extent not inconsistent therewith, by the . . . ." TERR. CT. R. 7. The Territorial Court is thus required by Rule 58 of the Federal Rules of Civil Procedure to incorporate every judgment in a separate document entered and docketed separately, unless this would be inconsistent with the printed rules of that court. In an unpublished decision reversing a ruling of this Appellate Division, the Court of Appeals found that there was no such inconsistency with Rule 58, and that a violation of the federal rule's requirement that every final order must be set forth in a separate document for every judgment tolled the running of the time for appeal. *Warlick v. Hamdallah*, Civ. No. 95-7162, 1995 U.S. App. LEXIS 35875 (3d Cir. 1995). The Territorial Court's practice of combining a memorandum opinion and order into one document, as it did in the judgment being appealed here, was thus held effectively to allow an unlimited time for an appeal to be filed. The entry of the separate order or judgment required by Rule 58 starts the thirty-day time period within which an appeal must be filed. In the absence of such a separate judgment being entered in this case, the Government's time to file an appeal has not expired.[1]

Because the time to appeal the final judgment[2] entered by the trial court on August 3, 1995, is still open, appellant's notice of appeal filed on August 30, 1996, was timely. Accordingly,

---

[1] *Accord, Gregson & Assoc. Architects v. Government of the Virgin Islands*, 675 F.2d 589 (3d Cir. 1982) (quoting *United States v. Indrelunas*, 411 U.S. 216, 36 L. Ed. 2d 202, 93 S. Ct. 1562 (1973)).

[2] This ruling does not affect the finality of such a judgment or order. *See Gregson*, 675 F.2d at 593 n.5 (3d Cir. 1982) (citing *Bankers Trust Co. V. Mallis*, 435 U.S. 381, 55 L. Ed. 2d 357, 98 S. Ct. 1117 (1978) and *Int'l Brotherhood Of Teamsters Local 249 v. Western Penn. Motor Carriers Ass'n*, 660 F.2d 76 (3d Cir. 1981)).

IT IS ORDERED:

THAT appellee's motion to dismiss is DENIED.

DATED this 27th day of November, 1996.