**In re MONTGOMERY WARD HOLDING CORP., a Delaware corporation, et al., Debtors.**

**State of Illinois, State of Pennsylvania and State of Maryland, Appellants,**

**v.**

**Montgomery Ward, LLC, et al., Appellees.**

**Bankruptcy No. 97–1409 PJW.**

**Nos. CIV.A.01–192–JJF, CIV.A.01–249–JJF.**

United States District Court, D. Delaware.

Aug. 20, 2003.

Allison Reardon, Deputy Attorney General of the Department of Justice of the State of Delaware, Wilmington, DE, Of Counsel: James, D. Newbold, Assistant Attorney General of the Revenue Litigation Bureau, Chicago, IL, Julia M. Andrew, Assistant Attorney General of the Department of Justice of the State of Maryland, Baltimore, MD, Christos Katsaounis, Assistant Counsel of the Pennsylvania Department of Revenue, Harrisburg, Pennsylvania, Counsel for Appellants.

Gregg M. Galardi, Mark A. Fink, Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, DE, Of Counsel: John K. Lyons, Skadden, Arps, Slate, Meagher & Flom (Illinois), Chicago, IL, Counsel for Appellees.

### MEMORANDUM OPINION

FARNAN, District Judge.

Pending before the Court is a Motion For Entry Of Final Judgment In Accordance With Rule 58 Of The Federal Rules Of Civil Procedure (D.I.31) filed by Appellants the States of Illinois, Pennsylvania and Maryland. By Memorandum Order entered on November 25, 2002, the Court affirmed the Bankruptcy Court's decision that the exemption from "stamp and similar taxes" set forth in 11 U.S.C. § 1146(c) applied to the pre-confirmation sales at issue. Counsel for Ap-

pellants did not become aware of the Court's Order until January 6, 2003, well beyond the time period for filing an appeal, because Appellants' local counsel failed to forward the Memorandum Order to Appellants' regular counsel. By its Motion, Appellants contend that the time for filing an appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure did not begin to run in this case, because the Court did not enter a judgment meeting the "separate document" requirement of Rule 58 of the Federal Rules of Civil Procedure. For the reasons discussed, the Court will grant Appellants' Motion.

## I. The Parties' Contentions

By their Motion, Appellants contend that the Court's Memorandum Order failed to comply with the "separate document" requirement of Rule 58 of the Federal Rules of Civil Procedure. Appellants maintain that Rule 58 applies to Bankruptcy Proceedings, and the Court's Memorandum Order did not comply with the requirements of Rule 58, because it included the Court's legal reasoning and legal analysis along with the case disposition. In support of their argument, Appellants rely on the decision of the Third Circuit in *Gregson & Associates v. Virgin Islands*, 675 F.2d 589, 593 (3d Cir.1982), a case involving a contract dispute. In *Gregson*, the court held that a document entitled "Opinion and Judgment" consisting of the court's memorandum with a final section for the judgment did not meet the "separate document" requirement of Rule 58.

In response, Appellees point out that the *Gregson* decision, as well as the other decisions cited by Appellants, do not involve bankruptcy proceedings. According to Appellants, Federal Rule of Civil Procedure 58 is not applicable to bankruptcy appeals which are governed by the 8000 series of the Federal Rules of Bankruptcy. In the alternative, Appellants contend that even if Rule 58 applies, the Court should deny relief, because it was clear to Appellants that the Court's Memorandum Order disposed of the sole issue in the case, and Appellants' failure to file an appeal was based on the failure of their local counsel to apprise them of the Court's

decision and not on any confusion regarding the entry of the Court's Memorandum Order.

## III. DISCUSSION

■ After reviewing the parties' arguments in the context of the applicable rules and legal principles, the Court concludes that Appellants are entitled to the relief that they request. In pertinent part, Rule 58 of the Federal Rules of Civil Procedure provides:

> Every judgment shall be set forth in a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).

Fed.R.Civ.P. 58.

Although Rule 58 is not incorporated into the Bankruptcy Rules governing appeals, i.e. the 8000 series of the Bankruptcy Rules, compliance with Rule 58 is necessary through the Federal Rules of Appellate Procedure in order to start the time running for an appeal, unless compliance is waived by both parties. *See Bankers Trust Company v. Mallis*, 435 U.S. 381, 387–388, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (recognizing that separate document requirement of Rule 58 may be waived by *both* parties). Federal Rule of Appellate Procedure 6 governs appeals from judgments, orders and decrees of the district court in a bankruptcy case, and exempts the application of certain Federal Appellate Rules. However, Rule 6 does not exempt application of Federal Rules of Appellate Procedure 4(a)(1) and 4(a)(7). In pertinent part, Rules 4(a)(1) and 4(a)(7) provide:

(a) **Appeal in a Civil Case**

■ (1) **Time for Filing a Notice of Appeal.**

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4) and 4(c), the Notice of Appeal required by Rule 3 must be filed with the district clerk within 30 days *after the judgment or order appealed from is entered.*

(B) When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.

(7) **Entry Defined.** A judgment or order is entered for purposes of Rule 4(a) *when*

*it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure.*

Fed. R.App. P. 4(a)(1), (7). In this case, the Court's decision was set forth in a Memorandum Order. The Third Circuit has recognized, in the context of civil cases, that documents containing the court's legal reasoning along with the disposition of the case do not constitute separate judgments within the meaning of Federal Rule of Civil Procedure 58. *Gregson & Associates v. Virgin Islands,* 675 F.2d 589 (3d Cir.1982) (holding that document entitled "Opinion and Judgment" consisting of court's memorandum with final section for judgment did not meet separate judgment requirement). Although the Court's Memorandum Order was clearly intended to dispose of the case, and Appellants would have likely waived the separate document requirement had they timely received the Court's Order from their local counsel, the Court recognizes that, absent such a waiver, Appellants are entitled to the Final Judgment Order they request.[1] As the Supreme Court stated in *Bankers Trust,* "the separate-document rule must be 'mechanically applied' in determining whether an appeal is timely filed.... [T]he rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced.... *The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss.*" *Id.* (citing 9 J. Moore, *Federal Practice* ¶ 110.08[2], at 119–120 (1970) (emphasis added)). In this case, Appellants would be deprived of their right to appeal if the Court declined to enter a separate Final Judgment Order. Accordingly, the Court will enter a separate Final Judgment Order in this case so as to permit Appellants the opportunity to file their appeal.

---

**1.** Appellees contend that application of Federal Rule of Civil Procedure 58 to bankruptcy appeals would render Bankruptcy Rule 8016 superfluous. Rule 8016 provides directions for the Clerk of the Court for entering judgment and does not proscribe the manner in which the Court renders its judgment. As the Supreme Court has recognized, the separate document requirement of Rule 58 is distinct from rules directed to the Clerk of the Court, because rules directed to the Clerk of the Court serve a record keeping function. *See Bankers Trust,* 435 U.S. at 384, n. 4, 98 S.Ct. 1117 (recognizing that rules like Federal Rule of Civil Procedure 79(a) are directed to the clerk and not the parties or the court). Accordingly, the Court is not persuaded that application of Rule 58 to the Bankruptcy Rules governing appeals renders Bankruptcy Rule 8016 superfluous.

## III. CONCLUSION

For the reasons discussed, the Court will grant Appellants' Motion For Entry Of Final Judgment In Accordance With Rule 58 Of The Federal Rules Of Civil Procedure.

An appropriate Order will be entered.

## *ORDER*

At Wilmington, this 20th day of August 2003, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Motion For Entry Of Final Judgment In Accordance With Rule 58 Of The Federal Rules Of Civil Procedure (D.I.31) filed by Appellants the State of Illinois, Pennsylvania and Maryland is GRANTED.

## *FINAL JUDGMENT ORDER*

WHEREAS, Appellants have requested the Court to enter a Final Judgment Order in accordance with the Court's previous disposition of this case by Memorandum Order;

NOW THEREFORE IT IS HEREBY ORDERED this 20th day of August 2003, that the decision of the Bankruptcy Court dated March 1, 2001 is AFFIRMED for the reasons set forth in the Court's Memorandum Order dated November 25, 2002.