

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2005

# Khazzaka v. Univ Scranton

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1521

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Khazzaka v. Univ Scranton" (2005). *2005 Decisions.* Paper 849.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/849

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1521
_____

JOSEPH KHAZZAKA,

Appellant

v.

UNIVERSITY OF SCRANTON

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 01-cv-00211)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
June 14, 2005

Before: RENDELL, AMBRO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed July 13, 2005)

_____

OPINION
_____

PER CURIAM

 Joseph Khazzaka appeals the grant of defendant's motion for summary judgment

by the District Court for the Middle District of Pennsylvania.

## I.

In 1994, Khazzaka was hired as a faculty member by the University of Scranton for the 1994-1995 academic year. Khazzaka's contract was repeatedly renewed, and in 1996 he was appointed Director of Secondary Education. In February 1997, Khazzaka was granted tenure, and in the summer of 1997 re-appointed as director. The following year Khazzaka was not re-appointed as director, and in February 1999 was suspended until further notice. In September 1999, the University terminated Khazzaka's employment.

Meanwhile, in May 1999 Khazzaka filed a complaint with the Equal Employment Opportunity Office ("EEOC") alleging discrimination on the basis of national origin (Lebanese) and retaliation for expressing an opinion about the discrimination case of another faculty member. On December 14, 1999, the EEOC dismissed the complaint and issued a right-to-sue letter, which Khazzaka claims he did not receive. On December 16, 1999 and in May and June 2000, Khazzaka sent letters to the EEOC attempting to amend his complaint to challenge his suspension and termination. The EEOC apparently did not respond to his requests. In November 2000, in response to his counsel's Freedom of Information Act ("FOIA") request, Khazzaka received a copy of the right-to-sue letter.

On February 1, 2001, Khazzaka filed a counseled complaint against the University alleging (1) discrimination based on national origin under Title VII § 706(g) of the Civil Rights Act of 1964 ("Title VII"); (2) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"); (3) breach of contract; (4) breach of the covenant

of good faith and fair dealing; (5) violation of public policy; and (6) fraud, deceit and misrepresentation.  Khazzaka also raised allegations of retaliation under Title VII § 704(a) for having expressed an opinion about another professor's discrimination case. The District Court granted the University's motion to dismiss counts 5 and 6 for failure to state a claim.[1]  The District Court subsequently granted the University's motion for summary judgment as to the remaining claims.

## II.

As a preliminary matter, the University argues that we lack jurisdiction because Khazzaka's notice of appeal was untimely.  When, as in this case, the Rules of Civil Procedure require the judgment to be set forth on a separate document, see Fed. R. Civ. P. 58(a)(1), the judgment is not entered for purposes of a timely notice of appeal until the earlier of either the judgment being set forth on a separate document or 150 days after the judgment is entered on the docket under Fed. R. Civ. P. 79(a).  Fed. R. App. P. 4(a)(7)(A)(ii); Cf. Gregson & Assoc. Architects v. Gov't of the V.I., 675 F.2d 589, 592-93 (3d Cir. 1982).  The District Court's judgment was entered on the docket on November 15, 2004, but was not and has not been set forth on a separate document. Thus, the 30-day time period for filing the notice appeal did not begin to run until April 2005. Fed. R. App. P. 4(a)(1)(A).  Accordingly, Khazzaka's notice of appeal filed in

---

[1] The University's motion to dismiss was denied as to the remaining claims.  Khazzaka does not appeal this order.

February is deemed timely, see Fed. R. App. P. 4(a)(2), 4(a)(7)(B),[2] and we will deny the University's motion to dismiss the appeal.

III.

Our review of the District Court's grant of summary judgment is plenary. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper only if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. Id. at 232. When opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must "identify those facts of record which would contradict the facts identified by the movant." Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002) (quotation omitted).

A.

A Title VII complaint must be filed in the District Court within 90 days of the complainant's receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). The University argues that Khazzaka's claim that he did not receive the letter until November 2000 is "not worthy of credence" and that the evidence shows that Khazzaka received the right-to-sue letter in November 1999, and therefore the complaint filed in January 2001 was untimely. Brief in Support of Defendant's Motion for Summary

---

[2] We also reject the University's argument that Khazzaka's filing of a defective brief waived his arguments on appeal. Cf. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

4

Judgment at 4-8. We reject this argument. Viewing the evidence in the light most favorable to Khazzaka, we conclude that the evidence regarding Khazzaka's communications with the EEOC, see Complaint, Exhs. I, J and K, raises a question of material fact as to when he received the letter and thus whether his complaint is timely. See Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (stating that in considering a summary judgment motion the court "may not make credibility determinations or engage in any weighing of the evidence"). However, for the reasons stated below we will affirm the grant of summary judgment on other grounds.

B.

In the case of an adverse employment action under Title VII and the ADEA, the employee has the initial burden of establishing a prima facie case of unlawful discrimination. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994); Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108-09 (3d Cir. 1997) (citing Fuentes for ADEA standard). If the employee satisfies this burden, then the burden shifts to the employer to produce evidence of a nondiscriminatory reason for its action. Fuentes, 32 F.3d at 763. To survive summary judgment, the employee must then "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Id. at 764. Similarly, in a case alleging retaliation, the employee must establish a prima facie case of retaliation, and to survive summary judgment must raise a genuine

5

issue of material fact as to whether the employer's proffered explanation was a pretext for retaliation. Krouse v. American Sterilizer Co., 126 F.3d 494, 500-01 (3d Cir. 1997).

We assume, without deciding, that Khazzaka set forth a prima facie case of discrimination based on national origin and age, and a prima facie case of retaliation. Upon review of the record, we find that the University satisfied its burden by producing evidence indicating that its actions were taken because of changes in Khazzaka's conduct. See Defendant's Motion for Summary Judgment, Exh. 1, Passon Affidavit at ¶¶ 9-14, 18-21, 81-83; id., Exh. 2, Adams Affidavit at ¶¶ 9-22; id., Exh. 3, Wiley Affidavit at ¶¶ 28-54. Although Khazzaka disputes some of this evidence, see Plaintiff's Response to Defendant's Statement of Material Facts, he has not presented any evidence from which a factfinder could disbelieve the University's asserted reasons and/or believe that discrimination or retaliation was a motivating cause for the actions.[3] See Fuentes, 32 F.3d at 764; Estate of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003) (recognizing that non-moving party "must present affirmative evidence . . . to defeat summary judgment") (emphasis omitted). Consequently, the University is entitled to summary judgment on the discrimination and retaliation claims.[4]

_____

[3] Several of Khazzaka's factual assertions in his appeal brief and attached exhibits were not presented in the District Court, and thus can not be considered on appeal. See OSHA Data/CIH, Inc. v. U.S. Dept. of Labor, 220 F.3d 153, 169 n.35 (3d Cir. 2000) ("Our role as a Court of Appeals is to review the decision made by the District Court; we will do so based on the evidence presented to the District Court.").

[4] Khazzaka's reliance on Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133 (2000) is inapposite. Unlike the plaintiff in Reeves, Khazzaka did not set forth any evidence suggesting that his employer's explanation was false, compare Reeves, 530 U.S.

6

The University is also entitled to summary judgment on the breach of contract and breach of covenant of good faith and fair dealing claims for the reasons set forth by the District Court. See Dist. Ct. Memorandum at 19-22; Defendant's Motion for Summary Judgment, Exh. 1, Passon Affidavit Exh. F (Handbook); id., Exh. 1, Passon Affidavit Exh. G (Statement of Charges).

We decline to address Khazzaka's motions for return of his personal property and for return of his legal file as these claims were not raised in the District Court. See Lloyd v. Hovensa, LLC., 369 F.3d 263, 272-73 (3d Cir. 2004). We have also considered Khazzaka's remaining motions, and will deny them without further discussion.

In conclusion, for the reasons stated we will affirm the District Court's order granting summary judgment in favor of the University.

---

at 144-45, and thus provided no evidence from which a trier of fact could find unlawful discrimination.

Also, counsel's alleged failure to adequately represent Khazzaka, see Appellant's Brief at 14-16, does not provide a basis for reversing the judgment, see MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988).