

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2008

# Allen v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1157

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Allen v. Vaughn" (2008). *2008 Decisions.* Paper 248.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/248

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1157

———————

RODNEY ALLEN,
                                        Appellant

v.

DONALD T. VAUGHN, SUPERINTENDENT;
THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE
OF PENNSYLVANIA

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 01-cv-01494)
District Judge:  The Honorable James T. Giles

———————

Argued:  September 22, 2008

———————

Before: BARRY, AMBRO and GARTH, Circuit Judges

(Opinion Filed: November 10, 2008)

———————

Mary Gibbons, Esq. (Argued)
600 Mule Road
Toms River, NJ 08757-0000

Counsel for Appellant

Anne Palmer, Esq. (Argued)
Thomas W. Dolgenos, Esq.
Three South Penn Square
Philadelphia, PA 19107-3499

Counsel for Appellees

_____

OPINION

_____

BARRY, Circuit Judge

On July 12, 1995, Rodney Allen pled guilty but mentally ill in Pennsylvania state court to multiple counts of robbery, burglary, violations of the Uniform Firearms Act, criminal conspiracy, and unlawful restraint, among other crimes. A sentence of imprisonment of thirty to seventy years was imposed on September 18, 1995, and Allen has been litigating this matter in state and federal court ever since. The parties are fully familiar with the lengthy and complicated procedural background of this litigation, and given that we write only for the parties, we need not reprise that background except as relevant to the issue — or issues — we are called upon to decide.

As relevant here, and in broad summary, on March 28, 2001, Allen filed an apparently time-barred petition under 28 U.S.C. § 2254 in the United States District Court. By orders dated June 19, 2002 and January 29, 2004, the District Court (Newcomer, J.), rejecting the Magistrate Judge's recommendations, concluded that Allen was entitled to equitable tolling and that his procedural default should be excused. The

2

matter was remanded to the Magistrate Judge to consider the merits of the petition.

On April 27, 2004, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the petition be dismissed without an evidentiary hearing after determining that Allen's plea of guilty was knowing and voluntary and that his claim of ineffective assistance was without merit. By order dated May 12, 2004 and filed June 14, 2004, (hereinafter, we will refer to the June 14, 2004 date), the District Court adopted the R&R and declined to issue a certificate of appealability. As will, hopefully, become clear, this is a critical order for our purposes, and certainly a critical order for Allen.

Allen did not timely appeal the order of June 14, 2004; indeed, he did not appeal at all until much later. Rather, on July 25, 2004, he filed a pro se application for a certificate of appealability, which the District Court denied on September 9, 2004. On September 20, 2004, Allen filed a notice of appeal from the September 9, 2004 order.

On February 10, 2005, we dismissed the appeal for lack of jurisdiction due to Allen's failure to file a notice of appeal within thirty days after entry of the June 14, 2004 order and the untimely filing of his application for a certificate of appealability. We assumed arguendo that that application evidenced an intent to appeal. Allen sought rehearing and, on May 27, 2005, we granted that request because we had overlooked the possibility that his application for a certificate of appealability could be construed as a motion for an extension of time to appeal the June 14, 2004 order under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. We remanded for the District Court to

3

determine whether the time to appeal should be extended under Rule 4(a)(5).

The District Court ordered the parties to brief the issue of whether, if the application for a certificate appealability were treated as a motion for an extension of time to appeal, the motion should be granted. By order dated December 15, 2005, the District Court (Giles, C.J.) determined that Allen's application could not be construed as a motion to extend the time for filing an appeal. Allen unsuccessfully moved for reconsideration and, on January 9, 2006, a timely notice of appeal from that denial was filed.[1] Construing his notice of appeal as a request for a certificate of appealability, we granted a certificate of appealability as to four issues: (1) whether the District Court abused its discretion by denying Allen's motion under Rule 4(a)(5); (2) whether Allen's showing of mental impairment was sufficient to establish equitable tolling with respect to 28 U.S.C. § 2244(d)(1); (3) whether Allen's mental impairment was sufficient to establish the cause and prejudice necessary to excuse his procedural default; and (4) whether the District Court erred in denying Allen's § 2254 petition with respect to whether trial counsel was ineffective for failing to investigate Allen's history of mental illness and advising him to plead guilty but mentally ill.

## II.

The initial — and, perhaps, only — issue before us can be simply stated, and it is this: did the District Court abuse its discretion when, on December 15, 2005, it denied

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

4

Allen's motion under Rule 4(a)(5)? If it did not abuse its discretion, we will affirm and will not consider the three remaining issues which, given our affirmance of the order of December 15, 2005, we lack jurisdiction to review. If it did abuse its discretion, we will press on. Because we find that the District Court did not abuse its discretion, we will affirm.

We note, preliminarily, that Allen has not briefed this important initial issue, the issue on which the other issues depend, nor has he even suggested that the District Court abused its discretion in concluding that his July 25, 2004 application for a certificate of appealability did not extend the time for filing an appeal of its June 14, 2004 order. Rather, Allen has elected to go a different route, raising in his brief on appeal an argument never before raised, even though the issue of timeliness has been in contention between the District Court and this Court since February 2005. Allen's new argument is this: the June 14, 2004 order violated the "separate document" requirement of Fed.R.Civ.P. 58(a)(1) and, therefore, under Fed.R.App.P. 4(a)(7)(A), the thirty-day time period for filing a notice of appeal under 28 U.S.C. § 2107(c) did not run until 150 days from the entry of the June 14, 2004 order on the civil docket, and so the notice of appeal filed on September 20, 2004 was timely.

Not surprisingly, appellees argue waiver and, in light of the above, have good reason to do so. And, we note, non-compliance with Rule 58 may be waived because violations of Rule 58 are non-jurisdictional. Henglein v. Colt Indus. Operating Corp.,

5

260 F.3d 201, 209 n.5 (3d Cir. 2001).

But waiver aside, we find that the three-page June 14, 2004 order, which "substantially omit[ted] the District Court's reasons for disposing of the parties' claims" and did not contain "an extended presentation of facts and procedural history," satisfied the separate-document requirement. In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241, 243 (3d Cir. 2006). Moreover, it is important to recall what the Supreme Court has explained: the "sole purpose of the separate-document requirement . . . was to clarify when the time for appeal . . . begins to run." Bankers Trust Co. v. Mallis, 435 U.S. 381, 384 (1978). Nothing could be clearer here, for the very first paragraph of the June 14, 2004 order provides:

> AND NOW, this 13th day of May, 2004, upon consideration of the Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 46), Respondent's Response, Magistrate Judge M. Faith Angell's Report and Recommendation (Doc. 58), and the Petitioner's Objections, it is hereby ORDERED that Magistrate Judge M. Faith Angell's Report and Recommendation is APPROVED and ADOPTED. Petitioner's Petition for Writ of Habeas Corpus is DENIED. No Certificate of Appealability shall issue.

A.19. Moreover, nothing that follows calls any of the above into question, with the order concluding "Petitioner's Petition for Writ of Habeas Corpus is denied." Id. at 21-22.

And so we return to where we began — whether the District Court abused its discretion when it determined that the July 25, 2004 application for a certificate of appealability did not extend the time within which to appeal the order of June 14, 2004. It did not.

6

Rule 4(a)(5)(A) states, "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." As noted above, we review a district court's denial of a motion to extend the time for appeal for abuse of discretion. Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir. 1990).

The District Court found, first, that the application for a certificate of appealability could not be construed as a motion for an extension of time to appeal because nowhere in the application did Allen even mention the timeliness issue. As the District Court put it, "[t]he application is exactly what its caption suggests, a request that the court reconsider its decision that the petitioner failed to make a substantial showing of the denial of a constitutional right so as to warrant the issuance of a certificate of appealability." A.25. Moreover, the District Court continued, if Allen's recent assertion that he was unable to file a timely notice of appeal due to his counsel's failure to notify him of the District Court's June 14, 2004 order denying relief were true, Allen did not mention that fact in his original submissions and, although pro se, was familiar with court procedures for requesting extensions of time.[2]

---

[2] Appellees note, among other things, that Allen's assertion of counsel's failure to notify him of the June 14, 2004 order is suspect because the application for a certificate of appealability was dated July 25, 2004, yet Allen argued that counsel did not notify him

The District Court concluded that Allen had not demonstrated the good cause or excusable neglect necessary to persuade it to extend his time for filing a notice of appeal. The District Court did not abuse its discretion in so concluding.

**III.**

The Order of the District Court will be affirmed.

---

until July 26, 2004.

AMBRO, Circuit Judge, dissenting in part and concurring in part

My colleagues and I agree that Mr. Allen is unable to present his ineffective-assistance-of-counsel claim. How we reach that conclusion differs. My colleagues believe that Allen's application for a certificate of appealability was untimely. I believe that it was timely, but I conclude that the District Court erred in allowing Allen to present his *habeas* claim.

Regarding the timeliness of Allen's appeal, I agree with my colleagues that the District Court did not abuse its discretion in determining that Allen's July 25, 2004 application for a certificate of appealability did not extend his time to appeal the Court's June 14, 2004 order. I disagree, however, with their view that Allen's appeal was not made timely by operation of the separate document requirement of Federal Rule of Civil Procedure 58(a).

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that an appeal of a district court judgment or order be filed "within 30 days after the judgment or order . . . is entered." Federal Rule of Appellate Procedure 4(a)(7)(A)(ii) extends this filing period by 150 days if a district court is required under Fed.R.Civ.P. 58(a) to file its judgment by a document separate from its ruling and fails to do so. The ruling in this case was contained in the District Court's June 14, 2004 order. No exception dispensing with the

9

separate document requirement exists here, and thus we must determine whether the June 14 order qualifies as a separate document.

To so qualify under Fed.R.Civ.P. 58(a), an order must, among other things, "omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims." In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir. 2006). In Cendant, we determined that a six-page order, five pages of which were devoted to expounding the background of the case, failed to meet this criterion. Id. at 244. Here, the District Court's June 14, 2004 order was four pages, three of which gave a factual and procedural overview of the case. I see no significant distinction from our Cendant decision. Accordingly, I conclude that the June 14, 2004 order does not qualify as a separate document, and thus Allen's appeal in July 2004 was made timely by operation of Fed.R.App.P. 4(a)(7)(A)(ii).

In applying the separate document rule, I contest my colleagues' assertion that Allen waived its benefits by failing to claim a violation prior to his current appeal. It is true that "a litigant can waive the application of the separate document rule in the sense that she may file a valid appeal without waiting for the lapse of 150 days from the docketing of a faulty judgment." LeBoon v. Lancaster Jewish Cmty. Ctr., 503 F.3d 217, 225 (3d Cir. 2007). But the separate document rule is not waived by individuals, like Allen, who obviously were unaware that they had an additional 150 days to file an appeal. See id. In fact, our Court has extended the protections of the separate document rule even

10

to a litigant who admitted that he understood that an order not in separate form was a final judgment.  See Gregson & Assoc. v. Gov't of the Virgin Islands, 675 F.2d 589, 592 (3d Cir. 1982).  The cases cited by my colleagues and the Commonwealth do not disturb these holdings merely because they state that the separate document rule is not jurisdictional.  See, e.g., Henglein v. Colt Indus. Operating Corp., 260 F.3d 201, 209 n.5 (3d Cir. 2001) (noting that parties may opt not to raise non-compliance with the separate document rule because its violation is not jurisdictional); Bankers Trust Co. v. Mallis, 435 U.S. 381, 382-84 (holding that a judgment set forth in a separate document is not a prerequisite to appellate jurisdiction where the parties assumed that there was a final judgment).

Notwithstanding that I would hear the appeal from the June 14, 2004 order, I still would not reach the merits of Allen's *habeas* claim for ineffective assistance of counsel. This is because I would reverse the District Court's equitable tolling of the *habeas* filing deadline and its excusing of Allen's procedural default due to mental impairment.  Allen failed to show the "reasonable diligence" or "cause and prejudice" necessary to permit his late and defaulted *habeas* petition to proceed.  See LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005); Sweger v. Chesney, 294 F.3d 506, 511 (3d Cir. 2002).  I believe the District Court erred in concluding otherwise.

In sum, while proper application of the separate document rule should have permitted Allen's appeal of the District Court's June 14, 2004 order to our Court, he still does not get to present his ineffective-assistance-of-counsel claim because his late-filed

11

*habeas* petition is not tolled and his procedural default is not excused on the ground of mental impairment.  Allen thus loses either by the majority's path or by mine.  I therefore respectfully dissent in part and concur in part.