AMBRO, Circuit Judge,
dissenting in part and concurring in part.
My colleagues and I agree that Mr. Allen is unable to present his ineffective-assistance-of-counsel claim. How we reach that conclusion differs. My colleagues believe that Allen’s application for a certificate of appealability was untimely. I believe that it was timely, but I conclude that the District Court erred in allowing Allen to present his habeas claim.
Regarding the timeliness of Allen’s appeal, I agree with my colleagues that the District Court did not abuse its discretion in determining that Allen’s July 25, 2004 application for a certificate of appealability did not extend his time to appeal the Court’s June 14, 2004 order. I disagree, however, with their view that Allen’s appeal was not made timely by operation of the separate document requirement of Federal Rule of Civil Procedure 58(a).
Federal Rule of Appellate Procedure 4(a)(1)(A) requires that an appeal of a district court judgment or order be filed “within 30 days after the judgment or order ... is entered.” Federal Rule of Appellate Procedure 4(a)(7)(A)(ii) extends this filing period by 150 days if a district court is required under Fed.R.Civ.P. 58(a) to file its judgment by a document separate from its ruling and fails to do so. The ruling in this case was contained in the District Court’s June 14, 2004 order. No exception dispensing with the separate document requirement exists here, and thus we must determine whether the June 14 order qualifies as a separate document.
To so qualify under Fed.R.Civ.P. 58(a), an order must, among other things, “omit (or at least substantially omit) the District Court’s reasons for disposing of the parties’ claims.” In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir.2006). In Cendant, we determined that a six-page order, five pages of which were devoted to expounding the background of the case, failed to meet this criterion. Id. at 244. Here, the District Court’s June 14, 2004 order was four pages, three of which gave a factual and procedural overview of the case. I see no significant distinction from our Cendant decision. Accordingly, I conclude that the June 14, 2004 order does not qualify as a separate document, and thus Allen’s appeal in July 2004 was made timely by operation of Fed.R.App.P. 4(a)(7)(A)(ii).
In applying the separate document rule, I contest my colleagues’ assertion that Allen waived its benefits by failing to claim a violation prior to his current appeal. It is true that “a litigant can waive the application of the separate document rule in the sense that she may file a valid appeal without waiting for the lapse of 150 days from the docketing of a faulty judgment.” LeBoon v. Lancaster Jewish Cmty. Ctr., 503 F.3d 217, 225 (3d Cir.2007). But the separate document rule is not waived by individuals, like Allen, who obviously were *135 unaware that they had an additional 150 days to file an appeal. See id. In fact, our Court has extended the protections of the separate document rule even to a litigant who admitted that he understood that an order not in separate form was a final judgment. See Gregson & Assoc, v. Gov’t of the Virgin Islands, 675 F.2d 589, 592 (3d Cir.1982). The cases cited by my colleagues and the Commonwealth do not disturb these holdings merely because they state that the separate document rule is not jurisdictional. See, e.g., Henglein v. Colt Indus. Operating Corp., 260 F.3d 201, 209 n. 5 (3d Cir.2001) (noting that parties may opt not to raise non-compliance with the separate document rule because its violation is not jurisdictional); Bankers Trust Co. v. Mallis, 435 U.S. 381, 382-84, 98 S.Ct. 1117, 55 L.Ed.2d 357 (holding that a judgment set forth in a separate document is not a prerequisite to appellate jurisdiction where the parties assumed that there was a final judgment).
Notwithstanding that I would hear the appeal from the June 14, 2004 order, I still would not reach the merits of Allen’s habeas claim for ineffective assistance of counsel. This is because I would reverse the District Court’s equitable tolling of the habeas filing deadline and its excusing of Allen’s procedural default due to mental impairment. Allen failed to show the “reasonable diligence” or “cause and prejudice” necessary to permit his late and defaulted habeas petition to proceed. See LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir.2005); Sweger v. Chesney, 294 F.3d 506, 511 (3d Cir.2002). I believe the District Court erred in concluding otherwise.
In sum, while proper application of the separate document rule should have permitted Allen’s appeal of the District Court’s June 14, 2004 order to our Court, he still does not get to present his ineffective-assistance-of-counsel claim because his late-filed habeas petition is not tolled and his procedural default is not excused on the ground of mental impairment. Allen thus loses either by the majority’s path or by mine. I therefore respectfully dissent in part and concur in part.