

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2004

# Local 1992 v. Okonite Co

Precedential or Non-Precedential: Precedential

Docket No. 02-4352

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Local 1992 v. Okonite Co" (2004). *2004 Decisions.* Paper 1040.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1040

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed January 26, 2004

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-4352, 02-4428, 03-1555

LOCAL UNION NO. 1992 OF THE INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS,

Appellant in No. 02-4428

v.

THE OKONITE COMPANY,

Appellant in Nos. 02-4352
& 03-1555

On Appeal from the United States District Court
for the District of New Jersey
(Dist. Court No. 97-CV-2041)
District Judge: Hon. Joel Pisano

Argued: October 15, 2003

Before: SLOVITER, ROTH, and CHERTOFF, *Circuit Judges*

(Filed: January 26, 2004)

RICHARD DELELLO (Argued)
DAVID E. CASSIDY
Grotto, Glassman & Hoffman, P.A.
75 Livingston Avenue
Roseland, NJ 07068
*Counsel for Appellants*

PAUL A. MONTALBANO (Argued)
BRIAN E. CURTIS
Cohen, Leder, Montalbano &
  Grossman
1700 Galloping Hill Road
Kenilworth, NY 07033
*Counsel for Appellee*

## OPINION OF THE COURT

CHERTOFF, *Circuit Judge.*

Rule 58 of the Federal Rules of Civil Procedure mandates that district courts set forth a judgment on a separate document, apart from any accompanying opinion. The precise definition of that requirement is important because the docketing of a judgment in correct form triggers the beginning of the time period within which an appeal must be filed. Misapprehension of Rule 58 can be jurisdictionally fatal to an appeal.

The disposition of this appeal turns on precisely that jurisdictional issue. Appellant, The Okonite Company ("Okonite"), argues that Appellate Rule 4(a)'s thirty-day period to file an appeal never began to run because the District Court failed to comply with Rule 58's "separate document requirement." For the reasons set forth below, we disagree with Okonite's interpretation of Rule 58. We find that Okonite has not timely appealed the District Court's original rulings. Accordingly, we have no jurisdiction to entertain an appeal of those rulings. The only ruling properly before us is Okonite's timely appeal from the District Court's more recent judgment awarding plaintiff attorneys' fees. We will vacate that judgment and remand for further proceedings.

I.

In 1997, plaintiff Local 1992 of the International Brotherhood of Electrical Workers ("Local 1992") brought suit against Okonite under the Worker Adjustment Retraining and Notification Act ("WARN Act"), 29 U.S.C.

§§ 2101-09, claiming that Okonite failed to provide the sixty-day notice of a plant closing that the statute requires.[1] On June 18, 1998, the District Court granted summary judgment for Local 1992 and awarded it reasonable attorneys' fees. We reversed and remanded the case for further proceedings. *Local Union No. 1992 v. Okonite Co.,* 189 F.3d 339 (3d Cir. 1999).

Back before the District Court, the parties renewed their cross-motions for summary judgment. The District Court denied them, and the case went to trial. After a jury returned a verdict in its favor, Local 1992 filed post-trial motions for attorneys' fees, costs, and prejudgment interest. Okonite opposed Local 1992's motions and cross-moved for judgment as a matter of law (under Federal Rule of Civil Procedure 50(b)) or, alternatively, a new trial (under Federal Rule of Civil Procedure 59).

The District Court issued an opinion, dated May 7, 2002, in which it (1) denied Okonite's Rule 50 and 59 motions for judgment as a matter of law or a new trial; (2) denied Local 1992's motion for prejudgment interest; (3) granted in part and denied in part Local 1992's motion for attorneys' fees and costs;[2] and (4) referred Local 1992's application for attorneys' fees and costs to a Magistrate Judge to determine the total amount of fees and costs that was reasonable. The comprehensive opinion was accompanied by a separately-captioned "order," dated May 7, 2002. The Clerk of the Court separately entered the opinion and order on the docket on May 8, 2002.[3]

---

1. Because we ultimately find that Okonite's appeal from the underlying merits of this case is untimely and we have no jurisdiction to hear it, we only relate the relevant facts pertaining to the case's procedural history.

2. At the time the District Court initially granted summary judgment for Local 1992, it determined that reasonable attorneys' fees for the period from October 16, 1996 to July 8, 1998 amounted to $68,118.90. In its post-trial attorneys' fees motion, Local 1992 sought to revisit the previous determination for October 1996 to July 1998. The District Court ruled that the prior attorneys' fees ruling was the law of the case and must stand.

3. We refer to the opinion and order as, respectively, the "May 8 opinion" and "May 8 order."

After the referral by the District Court, the Magistrate Judge issued a Report and Recommendation on September 24, 2002. She recommended that the District Court (a) award Local 1992 $51,340 in attorneys' fees for the period since July 9, 1998; and (b) deny, without prejudice, Local 1992's request for costs for failing to comply with Local Civil Rule 54.1(a). Local 1992 objected to the Magistrate Judge's Report and Recommendation on the grounds that the Magistrate Judge wrongly excluded the time Local 1992's attorneys spent working on Okonite's appeal from the initial decision granting Local 1992 summary judgment.

In papers filed on October 11, 2002, Okonite opposed Local 1992's objection. In addition, also on October 11, 2002, Okonite filed a motion requesting that the District Court enter what Okonite termed three separate final judgments, pursuant to Federal Rule of Civil Procedure 58, for (1) the denial of Okonite's Rule 50 and 59 motions, (2) the denial of Local 1992's motion for prejudgment interest, and (3) the partial denial and partial grant of Local 1992's motion for attorneys' fees and costs. Okonite also urged the District Court to exercise its discretion under Rule 58 and order that Local 1992's motion for attorneys' fees "have the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59." Fed. R. Civ. P. 58.[4]

On November 27, 2002—while the parties' motions were pending before the District Court and 203 days after the District Court's May 8 order—Okonite filed a notice of appeal from several of the District Court's orders from before, during, and after the trial. Okonite's principal argument in that appeal is that the District Court erred by denying its Rule 50 motion for judgment as a matter of law.

Local 1992 filed a motion with this Court, arguing that we should dismiss Okonite's appeal as untimely. Local

---

4. As described below, a timely Rule 59 motion extends the time for appeal until the district court disposes of the motion.

Rule 58 was amended as of December 1, 2002. Unless otherwise noted, we refer to the pre-December 1, 2002 Rule 58. The provision cited above remains the same in all material respects in the amended Rule 58.

1992 also protectively cross-appealed the District Court's denial of prejudgment interest, but acknowledged that its appeal is also untimely if we dismiss Okonite's appeal.

Meanwhile, in a January 30, 2003 opinion, the District Court rejected the Magistrate Judge's recommendation to exclude the 186.3 hours Local 1992's attorneys spent working on the appeal from the initial summary judgment decision, and the Court accepted the Magistrate Judge's recommended $200 hourly attorneys' fees rate. The District Court further denied Okonite's motion for separate judgments under Rule 58 and declined to order that Local 1992's motion for attorneys' fees be treated like a Rule 59 motion for purposes of extending when the time to file a notice of appeal would begin to run. Okonite timely filed a notice of appeal from the January 30, 2003 decision on February 24, 2003.

To summarize, we have before us Okonite's November 27, 2002 appeal, Local 1992's motion to dismiss the November 27, 2002 appeal, Local 1992's cross-appeal, and Okonite's February 24, 2003 appeal. Both parties agree that Okonite's appeal from the District Court's final attorneys' fees determination (decided in the January 30, 2003 decision) is properly before us, and we address it below. The primary question we must decide, however, is the timeliness of Okonite's November 27, 2002 appeal, which Okonite filed more than six months after the District Court's May 8 opinion and order. That issue underlies both Local 1992's motion to dismiss Okonite's November 27, 2002 appeal and Okonite's appeal from the District Court's January 30, 2003 order denying Okonite's motions for separate judgments and for an order extending the time for appeal.

## II.

Federal Rule of Appellate Procedure 4(a) requires that a notice of appeal "be filed with the district clerk within thirty days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A).[5] With regard to an appeal from a

---

5. Federal Rule of Appellate Procedure 4 was amended as of December 1, 2002, in part to conform with the newly-amended Rule 58. Unless otherwise noted, we cite to the pre-amendment Appellate Rule 4— Okonite filed its notice of appeal on November 27, 2002, four days before the amendment became effective.

jury verdict, the thirty days does not begin to run—i.e., "entry of judgment" has not occurred—until the judgment is set forth in a separate document pursuant to Federal Rule of Civil Procedure 58 and the clerk of the court enters the judgment into the civil docket pursuant to Federal Rule of Civil Procedure 79(a). *See* Fed. R. App. P. 4(a)(7); *cf. United States v. Fiorelli*, 337 F.3d 282, 286-87 (3d Cir. 2003); *Diamond v. McKenzie*, 770 F.2d 225, 227-28 (D.C. Cir. 1985).

But the matter is not so simple. Certain post-trial motions—Rule 50(a) and Rule 59 motions, for example, as well as Rule 54 attorneys' fees motions "if the district court extends the time to appeal under Rule 58"—postpone the thirty-day time to appeal from a jury verdict. *See* Fed. R. App. P. 4(a)(4)(A). When such motions are timely filed with the district court, the thirty days begins to run upon "entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A).[6]

Here, judgment was entered from the jury's verdict on February 26, 2002, and the parties timely filed post-trial motions. Local 1992's Rule 54 motion for attorneys' fees did not toll the time for appeal, because the District Court never extended the time to appeal pursuant to Rule 58.[7] Consequently, the thirty-day time to appeal began to run upon "entry of the order disposing of" the parties' remaining post-trial motions.

The parties dispute when that occurred; indeed, they dispute *if* that occurred. As we explained above, the District Court issued its opinion rejecting the post-trial motions on May 7, 2002. The opinion was accompanied by the order (also described above), and the Clerk of the Court entered

---

6. A party must file Rule 50(b) and Rule 59 motions within ten days after entry of judgment. *See, e.g.*, *Frangos v. Doering Equip. Corp.*, 860 F.2d 70, 73 (3d Cir. 1988).

7. Rule 58 "permits, but does not require, the court to delay the finality of the judgment for appellate purposes under Fed. R. App. P. 4(a) until the fee dispute is decided." Fed. R. Civ. P. 58 advisory committees' notes. We find no bases to conclude that the District Court abused its discretion by declining to treat Local 1992's attorneys' fees motion as a Rule 59 motion.

them separately in the docket on May 8, 2002. If these series of events constituted "entry of the order disposing of " the post-trial motions, then Appellate Rule 4(a)'s thirty-day period for filing a notice of appeal began on May 9, 2002 and ended June 7, 2002. *See* Fed. R. App. P. 26. And if the deadline for filing the appeal was June 7, 2002, then Okonite's notice of appeal, filed on November 27, 2002, was woefully untimely and we lack jurisdiction to hear the appeal.[8]

Okonite argues, however, that entry of the order disposing of the post-trial motions never occurred. To maintain this position, Okonite seizes upon Rule 58's "separate document requirement," which provides that a judgment is effective only when "set forth on a separate document." The District Court failed to do so, Okonite contends, and Appellate Rule 4(a)'s thirty-day time period therefore never began to run.

A necessary predicate to Okonite's argument is that Rule 58's separate document requirement applies to post-trial motions, and not just to the underlying verdict. The Rule's current version, which went into effect on December 1, 2002, clearly provides that it does not.[9] The District Court

---

8. As the Supreme Court stated in *Budinich v. Becton Dickinson & Co.*, "the taking of an appeal within the prescribed time is mandatory and jurisdictional." 486 U.S. 196, 203 (1988).

9. Rule 58 now provides, in relevant part:

(a) Separate Document.

(1) Every judgment and amended judgment must be set forth on a separate document, but a separate document is not required for an order disposing of a motion:

(A) for judgment under Rule 50(b);

(B) to amend or make additional findings of fact under Rule 52(b);

(C) for attorney fees under Rule 54;

(D) for a new trial, or to alter or amend the judgment, under Rule 59; or

(E) for relief under Rule 60.

Fed. R. Civ. P. 58(a)(1).

disposed of the parties' post-trial motions in May of 2002, however, when the previous version of Rule 58 was in effect.[10] The courts of appeals that have considered whether Rule 58 applied to post-trial motions prior to its December 1, 2002 amendment—and this Court is not one of them—have reached different conclusions. *Compare Fiore v. Wash. County Cmty. Health Ctr.*, 960 F.2d 229, 232-33 (1st Cir. 1992) (en banc), *and United States v. Haynes*, 158 F.3d 1327, 1330-31 (D.C. Cir. 1998), *with Copper v. City of Fargo*, 184 F.3d 994, 998 (8th Cir. 1999), *Marre v. United States*, 38 F.3d 823, 825 (5th Cir. 1994), *Chambers v. Am. Trans Air, Inc.*, 990 F.2d 317, 318 (7th Cir. 1993), *Wright v. Preferred Research, Inc.*, 937 F.2d 1556, 1560-61 (11th Cir. 1991), *and Hollywood v. City of Santa Maria*, 886 F.2d 1228, 1230-31 (9th Cir. 1989).

Of course, this circuit split will eventually become academic as pre-December 1, 2002 judgments recede into the past. Fortunately, we need not take sides on this waning dispute, because we find that the District Court

---

10. The Rule 58 in effect at the time read as follows:

Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or award fees, except that, when a timely motion for attorneys' fees is made under Rule 54(d)(2), the court, before a notice of appeal has been filed and has become effective, may order that the motion have the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59. Attorneys shall not submit forms of judgment except upon the direction of the court, and these directions shall not be given as a matter of course.

Fed. R. Civ. P. 58.

complied with the separate document requirement even assuming that it applied to post-trial motions before December 1, 2002.

### III.

The separate document requirement was added to Rule 58 in 1963. The Advisory Committee's notes to the 1963 Amendment explain:

> Hitherto some difficulty has arisen, chiefly where the court has written an opinion or memorandum containing some apparently directive or dispositive words, e.g., 'the plaintiff's motion [for summary judgment] is granted[.]' . . . . [W]here the opinion or memorandum has not contained all the elements of a judgment, or where the judge has later signed a formal judgment, it has become a matter of doubt whether the purported entry of judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal.

> The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the bases for the entry of judgment.

Fed. R. Civ. P. 58 advisory committee's notes. In other words, the separate document requirement was "intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 (1978) (per curiam). As a result, Rule 58's separate document provision "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." *United States v. Indrelunas*, 411 U.S. 216, 222 (1973).

In order to satisfy the separate document requirement, a judgment must, generally speaking, " 'be a self-contained

document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion.'" James Wm. Moore et al., *Moore's Federal Practice* ¶ 58.05[4][a] (3d ed. 2003) (quoting *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994)).[11] Here, the District Court accompanied its eighteen-page May 8, 2002 opinion with a two-page document, denominated an "Order," that read as follows:

> For the reasons expressed in the accompanying written opinion,
>
> IT IS on this 7th day of May 2002,
>
> ORDERED that Defendant's motion for judgment as a matter of law or, alternatively, a new trial is denied, and it is further
>
> ORDERED that Plaintiff's motion for prejudgment interest is denied, and it is further
>
> ORDERED that Plaintiff's motion for attorney's fees and costs is granted in part and denied in part. To the extent the Plaintiff moves for a recalculation of fees for the period between October 16, 1996 and July 8, 1998, the motion is denied. However, to the extent that Plaintiff moves for an award of attorney's fees and costs for services performed since July 9, 1998, the motion is granted. Accordingly, the Court refers the Plaintiff's application to Magistrate Judge Arleo for a report and

---

11. We have not had the occasion to consider what suffices to satisfy Rule 58's separate document requirement since our decision in *Gregson & Assocs. Architects v. Gov't of the Virgin Islands*, 675 F.2d 589 (3d Cir. 1982) (per curiam). There,

> the judgment of the district court was set forth within a four-page document including a memorandum opinion by the court. The district court's order of February 26 carried the heading "MEMORANDUM OPINION AND JUDGMENT." On the last of the four pages of the document there appeared a separate heading, "JUDGMENT," under which the judgment of the court was stated.

*Id.* at 591. We concluded that the District Court had failed to comply with Rule 58's separate document requirement, but we did not explain precisely why. *Id.* at 591 n.1.

recommendation as to a reasonable award of fees and costs in this case.

This order satisfies the separate document requirement. First, the order is self-contained and separate from the opinion. It has a separate caption; the opinion and order are not consecutively paginated (the opinion contains page numbers along the bottom of each page, while the order does not); the District Judge separately signed the last page of both the opinion and the order; the first page of both the opinion and order are separately file-stamped; and the Clerk of the Court docketed the opinion and order separately on May 8, 2002. *See generally United States v. Johnson*, 254 F.3d 279, 285-86 (D.C. Cir. 2001).

Second, the order sets forth the relief granted. It succinctly states that the District Court denied Okonite's post-trial motions for judgment as a matter of law and a new trial, denied Local 1992's motion for prejudgment interest, and granted in part (for the period prior to July 8, 1998) and denied in part (for the period after July 8, 1998) Local 1992's motion for attorneys' fees. Of course, a district court's recitation of the relief granted will vary depending on the circumstances of the particular judgment. A judgment granting a plaintiff summary judgment, for example, may have to contain any damages or injunctive relief awarded. *Cf. Massey Ferguson Div. of Varity Corp. v. Gurley*, 51 F.3d 102, 104-05 (7th Cir. 1995). Where a court denies a post-trial motion for judgment as a matter of law or a new trial, however, simply stating that the motion is denied suffices.

Third, the order omits the District Court's reasons for disposing of the parties' motions as it did. Some courts of appeals have found that including a bit of analysis does not run afoul of the separate judgment requirement. *See, e.g., Kidd v. District of Columbia*, 206 F.3d 35, 39 (D.C. Cir. 2000). We express no opinion as to the propriety of that approach, however, because we see nothing in the order that can fairly be characterized as reasoning.

The order's denomination as an "order," rather than a "judgment," does not mean that it fails to satisfy the separate document requirement. We acknowledge that the

Second Circuit has held that Rule 58 is not satisfied by a separate document denominated "order," rather than "judgment." *See Kanematsu-Gosho Ltd. v. M/T Messiniaki Aigli*, 805 F.2d 47, 48-49 (2d Cir. 1986) (per curiam). But we agree with the more comprehensive analysis of the D.C. Circuit in *United States v. Johnson*, 254 F.3d at 209 n.7. *See also Mipuri v. ACT Mfg., Inc.*, 212 F.3d 624, 628 (1st Cir. 2000); 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2785, at 22 (2d ed. 1995). Federal Rule of Civil Procedure 54(a), by its literal terms, defines "judgment" as including "a decree *and any order* from which an appeal lies." Fed. R. Civ. P. 54(a) (emphasis added). And Federal Rule of Appellate Procedure 4(a) provides that an appeal must be filed within thirty days "after the judgment *or order* appealed from is entered." Fed. R. App. P. 4(a)(1)(A) (emphasis added). Finally, Federal Rule of Appellate Procedure 4(a)(7) provides that "judgment *or order*" is entered for purposes of Appellate Rule 4(a) when it is entered in compliance with Rule 58 and Rule 79(a). Fed. R. App. P. 4(a)(7) (emphasis added). In light of these specific references to judgments or orders as subjects of appeal, we believe that a separate document denominated an "order" may comply with Rule 58.

Okonite argues, as it did before the District Court, that Rule 58 required the District Court to enter three separate judgments for (a) its denial of Okonite's Rule 50 and 59 motions; (b) its denial of Local 1992's motion for prejudgment interest; and (c) its partial denial and partial grant of Local 1992's attorneys' fees motion. This argument is frivolous. Rule 58 " 'require[s] that there be a judgment set out an a separate document—*distinct from any opinion or memorandum*—which provides the basis for the entry of judgment.' " *Kidd*, 206 F.3d at 38 (quoting Fed. R. Civ. P. 58 advisory committee's notes). Nowhere does it mandate—either expressly or implicitly—that the resolution of each issue or motion have a separate judgment.

Okonite also argues that the District Court failed to comply with Rule 58 because neither it nor Local 1992 thought the May 8 order was final and appealable. In other words, Okonite contends that the parties' subjective state of mind controls whether the District Court complied with

Rule 58. Local 1992 disputes Okonite's characterization of how it interpreted the May 8 order, but whether Local 1992 believed the May 8 order was final and appealable is immaterial because Okonite's contention is meritless as a matter of law. The parties' intent is only relevant when a district court has *failed* to comply with the separate document requirement. In that case, a court of appeals can infer (from the parties proceeding on the assumption that the court's order is final) that the parties waived the requirement. *See Bankers Trust Co. v. Mallis*, 435 U.S. at 387-88; *Spain v. Gallegos*, 26 F.3d 439, 445 n.9 (3d Cir. 1994).[12]

Finally, Okonite argues that the May 8 order does not satisfy Rule 58's separate document requirement because it included a "detailed discussion" of Local 1992's motion for attorneys' fees. We find, however, that including a referral of the attorneys' fees issue to the Magistrate Judge did not negate the clear notice that the separate document requirement is intended to create. *See Haynes*, 158 F.3d at 1329 ("The sole purpose of Rule 58's separate document requirement was to clarify when the time for an appeal begins to run.").

As the Supreme Court explained in *Budinich v. Becton Dickinson & Co.*, the pendency of a motion for attorneys' fees does not preclude entry of a final judgment. 486 U.S. at 199, 202 (1988) ("[A]n unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final.").[13] As a result, it is often the case than an order embodying a final judgment leaves open the assessment of attorneys' fees. Indeed, Rule 58

12. In *Gregson* we held that waiver cannot work to prevent the right to appeal even when the parties mistakenly believe that the district court has issued a final order. 675 F.2d at 592-93. *But see Fiore*, 960 F.2d at 236.

13. The one situation in which we have recognized an exception is where the attorneys' fees are an integral part of the contractual relief sought. In such cases, we have held that the order does not become final until the attorneys' fees are quantified. *See Beckwith Mach. Co. v. Travelers Indem. Co.*, 815 F.2d 286, 287 (3d Cir. 1987); *accord Vargas v. Hudson County Bd. of Elections*, 949 F.2d 665, 670 (3d Cir. 1991); *Ragan v. Tri-County Excavating, Inc.*, 62 F.3d 501, 505 (3d Cir. 1995).

contemplates that "[e]ntry of the judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or award fees." Fed. R. Civ. P. 58. Because Rule 58 expressly allows a court to defer the determination of attorneys' fees, the succinct statement in a judgment that an attorneys' fees motion is deferred for future resolution is perforce consistent with Rule 58. Okonite's failure to appeal in this case cannot be excused under the pretense that the District Court violated Rule 58.

IV.

The WARN Act's attorneys' fees provision "is virtually identical to the fee-shifting language in many civil rights statutes." *United Steelworkers of Am., AFL-CIO-CLC v. North Star Steel Co.*, 5 F.3d 39, 55 (3d Cir. 1993); *see* 29 U.S.C. § 2104(a)(6). Accordingly, we apply—as did the District Court—the lodestar method to calculate attorneys' fees. *See In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 821 (3d Cir. 1995).

The lodestar approach "requires multiplying the number of hours reasonably expended by the reasonable hourly rate." *Pa. Envtl. Def. Found. v. Canon-McMillan Sch. Dist.*, 152 F.3d 228, 231 (3d Cir. 1998). As we have frequently explained, "it is incumbent upon a district court to make its reasoning and application of the fee-awards jurisprudence clear, so that we, as a reviewing court, have a sufficient basis to review for abuse of discretion." *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 196 (3d Cir. 2000); *see also Planned Parenthood of Cent. N.J. v. Attorney Gen.*, 297 F.3d 253, 266 (3d Cir. 2002); *Canon-McMillan*, 152 F.3d at 232. And "if the district court's fee-award opinion is so terse, vague, or conclusory that we have no basis to review it, we must vacate the fee-award order and remand for further proceedings." *Gunter*, 223 F.3d at 196.

Here, the District Court accepted the Magistrate Judge's recommended lodestar except that it rejected the Magistrate Judge's exclusion of time Local 1992's attorneys spent working on Okonite's appeal from the order granting Local 1992 summary judgment. Okonite argues in this appeal that the District Court erroneously failed to explain why it

awarded the full 186.3 hours Local 1992 claimed it spent on the appeal, despite Okonite's objections regarding duplicative, excessive, and vague time entries. We agree. The District Court determined that Local 1992 was entitled to fees for work done on the appeal, but it did not explain why it rejected objections to the full 186.3 hours requested. We will remand so that the District Court can explain the basis for its award of attorneys' fees.

## V.

We will dismiss the parties' appeals from all of the District Court's decisions in this case except for the District Court's determination of reasonable attorneys' fees. We will vacate the District Court's determination of attorneys' fees and remand for further proceedings in accordance with this opinion.

A True Copy:
  Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*