

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2005

# Schulz v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1249

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Schulz v. USA" (2005). *2005 Decisions.* Paper 527.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/527

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-1249

_____

STEPHEN SCHULZ,
Appellant

v.

UNITED STATES OF AMERICA; UNITED STATES MARSHALS SERVICE;
UNITED STATES CUSTOMS SERVICE, Property Seized from 56
Summers Ave. West Long Branch NJ, Including $15,000 in
U.S. Currency and three cartons of personal items; 30,706
Dutch Guilders from Account Number 359639216 in the name of
J.L. Eskridge, Located at Rabo Bank

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 01-cv-04989)
District Judge: Honorable Joseph H. Rodriguez

_____

Submitted Under Third Circuit LAR 34.1(a)
SEPTEMBER 14, 2005

Before: VAN ANTWERPEN, GREENBERG AND NYGAARD, Circuit Judges.

(Filed:   September 19, 2005)

_____

OPINION

_____

PER CURIAM

        In 1995 Stephen Schulz and his brother David were arrested for conspiring to

possess cocaine with intent to distribute while on board a vessel on the high seas. Six years later, Schulz pled guilty to related charges and was sentenced to a term of imprisonment which he has since served. Meanwhile, the then-United States Customs Service searched the Schulzs' parents' residence, during which they seized $15,000 in U.S. currency and three cartons of personal effects. The government also won a default judgment in a civil *in rem* action with regard to money seized in overseas accounts (c. $25,000 in accounts belonging to J. Eskridge, one of Schulz's aliases, and c. $12,000 in accounts belonging to an alleged co-conspirator, Richard Coleman) and a sailboat. United States v. Contents of any Accounts, Civ. No. 95-cv-03591 (D.N.J. February 11, 1997).

Schulz subsequently filed a complaint/motion for return of property, seeking the return of the $15,000, the money in the overseas accounts, as well as damages for the loss of charter income from a sailboat (he does not seek the return of the boat which, the defendants allege, they did not seize because it has never been located).

The court dismissed the complaint with regard to the overseas accounts because Fed. R. Crim. P. 41(e) is not the appropriate vehicle for challenging a civil default judgment. Rather, Schulz should do so through Fed. R. Civ. P. 60(b). Relying on United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000), the court dismissed the complaint for damages related to the sailboat because it lacked jurisdiction to award money damages on a Rule 41(e) motion. However, the court did not dismiss the complaint with regard to the $15,000 because there was an issue of fact concerning the adequacy of the notice

2

provided to Schulz.  In response to Schulz's motion for reconsideration, the court agreed

that two of the overseas accounts were not subject to the earlier civil action.  However,

Schulz could seek their return via Rule 41(e) because the accounts were seized by the

Dutch government without a specific request by the United States and Schulz did not

even allege that the proceeds from the accounts had been transferred to the United States.

When Schulz renewed his motion for return of the $15,000, the District Court

granted the defendants' motion to dismiss for lack of standing, finding that Schulz

provided no evidence that he had an ownership interest in the seized property.  Rather, the

evidence indicated that the $15,000 is in fact his brother David's.

This appeal followed.  We have jurisdiction under 28 U.S.C. § 1291.[1]  We exercise

plenary review of standing, but review for clear error the factual elements underlying the

District Court's determination of standing.  General Instrument Corp. v. Nu-Tek

Electronics & Mfg., Inc., 197 F.3d 83, 86 (3d Cir.1999).  Our review of the District

Court's conclusion that it lacked jurisdiction to award damages under Fed. R. Crim. P.

41(e) is plenary, United States v. Government of Virgin Islands, 363 F.3d 276 (3d Cir.

_____

[1] The appellees urge us to dismiss the appeal for lack of jurisdiction because the notice
of appeal was filed a day late.  However, the District Court did not comply with the
separate judgment rule set forth in Fed. R. Civ. P. 58(a).  See Local Union No. 1992 of
Intern. Broth. of Elec. Workers v. Okonite Co., 358 F.3d 278 (3d Cir. 2004). As a result,
the judgment was not entered until 150 days after the court's decision was entered on the
docket, Fed. R. Civ. P. 58(b)(2)(B).  Thus, Schulz's appeal was timely filed and to the
extent that the appellees' brief includes a motion to dismiss the appeal for lack of
jurisdiction, we deny it.

3

2004), as, because it is also a purely legal question, is our review of the question whether Schulz should challenge the seizure of the overseas accounts which were subject to the civil *in rem* action under Fed. R. Civ. P. 60(b) instead of Rule 41(e). We review the District Court's ruling concerning the remaining two overseas accounts for abuse of discretion. United States v. Chambers, 192 F.3d 374 (3d Cir. 1999).

## I

After thorough review of the record we agree with the District Court's reasons for dismissing Schulz's complaint and motion for return of property. Schulz devotes much of his brief to discussing the seizure of his overseas accounts. However, we agree with the District Court that the proper avenue for seeking redress with regard to the accounts in involved in the civil *in rem* action is a Rule 60(b) motion in 95-cv-03591, not the instant Rule 41(e) proceedings. We will not address the arguments he presents on appeal concerning the custody and control of the other two overseas accounts because he did not present them in the District Court. Rather, as the District Court found, he conceded there that the accounts had not been transferred to the United States. In light of that concession (which he seeks to avoid on appeal by referring to his "remark [as] perhaps inartfully drafted," reply br. at 10) he can hardly argue now that the District Court abused its discretion in concluding that it could not order the United States to return the contents of those accounts.

Schulz also argues at length that the government's evidence that David's was the

4

sole interest in the $15,000 is deficient and that the government had evidence that he too

had an interest in it. However, as the District Court concluded, Schulz provided no

evidence in the District Court that he had an interest in the $15,000. Indeed, as Schulz

admits, his only response to the government's motion to dismiss for lack of standing was

to assert that the government's evidence was "unreliable," that the government had not

"conclusively" shown that the money was David's, and that the government had

previously asserted that the money belonged to both of them. Moreover, these assertions

were no more than conclusory. See letter brief filed July 7, 2004. Schulz's contention

that he provided no evidence of ownership because the District Court did not ask for any

borders on the disingenuous; we note that he did not seek reconsideration of the District

Court's decision in that (or any other) regard. Based on the evidence before it, the District

Court's conclusion was plainly correct.

## II

Schulz's notice of appeal is styled in addition as a mandamus petition in which he

seeks an order directing the District Court to address a motion to vacate which he claims

to have filed in the civil *in rem* action. However, earlier this year he filed a similar

combination notice of appeal and mandamus petition in that case as well. We dismissed

the appeal as untimely and denied the mandamus petition as follows:

> [Schulz] also requests unspecified mandamus relief. To the extent that he is
> requesting that we order the District Court to act on his Rule 60(b) motion, we note
> that no such motion has been docketed in the District Court. Schulz has not
> shown that he filed such a motion. He has not submitted a copy of the Rule 60(b)

5

motion he claims to have filed. While he has submitted certificates of mailing indicating that he mailed something to the appellees and the District Court on June 1, 2004, we note that he filed a Rule 41(e) motion in his other District Court case on June 3, 2004. Accordingly, Schulz's petition for mandamus is denied. . . .

United States v. Contents of Any Accounts, C.A. No. 05-1297 (3d Cir. April 6, 2005).

The District Court's docket still does not show that Schulz ever filed such a motion, and

he has not demonstrated that he did. Thus, we will affirm the District Court and, to the

extent that Schulz's notice of appeal is also a mandamus petition, the petition is denied.