

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2006

# Burke v. Berks Cty Bd Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2546

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Burke v. Berks Cty Bd Prisons" (2006). *2006 Decisions.* Paper 77.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/77

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2546
_____

EVELYN B. BURKE,
Appellant

v.

BERKS COUNTY PRISON BOARD, And Each Individual Member;
GEORGE WAGNER, Warden of Berks County Prison; WERST, Chief
Deputy Warden, Berks County Prison; MARCIE GILMORE, et al,
Medical Supervisor, Berks County Medical Center; JAMES P.
WILSON, Constituent Services Officer, Berks County Prison;
DEITERICH, Sergeant, Berks County Prison; KIM BURGAN, Director
of Treatment, Berks County Prison, et al
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-03350)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
December 15, 2006

Before:  RENDELL, COWEN and VAN ANTWERPEN, Circuit Judges.

(Filed:   December 18, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Evelyn Burke appeals the dismissal of his civil rights complaint by the United

States District Court for the Eastern District of Pennsylvania. We will vacate that order

and remand for proceedings consistent with this opinion.

I.

According to Burke's complaint, he had an unusual and suspicious-looking

infection while he was housed at Berks County Prison in the custody of the Department

of Homeland Security, Bureau of Immigration and Customs Enforcement. Burke alleges

that he received inadequate medical treatment for the infection, and that he was denied

treatment despite repeated requests. Burke named as defendants several prison officials,

including the Director of Treatment, members of the Berks County Prison Board, the

Warden and Chief Deputy Warden of the prison, a prison sergeant, and a constituent

services officer. Burke also sued Marcie Gilmore, a management-level employee of

Prime Care Medical, who works at the prison.

The defendants filed motions to dismiss for failure to state a claim pursuant to

Rule 12(b)(6). (Gilmore filed separately from the other defendants.) After requesting

and obtaining an extension of time in which to file a reply, on October 26, 2005, Burke

filed (1) a motion to amend his complaint, and (2) an "incomplete" memorandum serving

both to support Burke's motion to amend his complaint and to reply to the defendants'

motion to dismiss.[1] In the body of the incomplete memorandum, Burke asked for an

extension of time to file a completed memorandum. On November 9, 2005, the District

---

[1] Burke labeled the memorandum as "incomplete" in the caption. The memorandum ends abruptly after the fourth page.

Court directed Burke to identify the alleged actions taken by the defendants Burke proposed to add within 30 days.[2]

It appears that Burke submitted a completed version of his memorandum supporting his motion to amend and his reply to the District Court on November 29, 2005.[3] The memorandum does not appear on the District Court docket. On December 19, 2005, the District Court granted the motions to dismiss. Burke now appeals the District Court's judgment. The prison defendants have filed a motion to dismiss for lack of jurisdiction, contending that Burke's notice of appeal was not timely filed.

## II.

We first address the challenge to our jurisdiction. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Burke's notice of appeal had to be filed within 30 days after entry of the District Court's order. Burke's notice of appeal was filed on May 1, 2006, well over 30 days after entry of the District Court's order on December 15, 2005.

---

[2]Burke actually filed two motions to amend. The first was filed on October 26, 2005. Burke filed a second motion on November 7, 2005 – that was virtually identical in content to the first motion – as a "precaution," citing concerns about the reliability of mail processing at York County Prison (where he was transferred in July 2005) and the fact that he had not received acknowledgment of the first motion from the District Court. In its order, the District Court denied the first motion as moot in light of the second motion, and gave Burke the 30-day time period to respond with regard to the second motion.

[3]Though this document is neither listed on the District Court docket, nor included in the record, the entire memorandum is included in the supplemental appendix submitted by counsel for appellee Gilmore. Burke signed the "proof of service" page certifying delivery to the District Court and counsel for the defendants on November 29, 2005. Using the mailbox rule that applies to pro se prisoners, the document should be considered filed as of that same date.

However, Federal Rule of Civil Procedure 58 requires that the District Court set forth a judgment on a separate document, apart from any accompanying opinion. See Local Union No. 1992, IBEW v. Okonite Co., 358 F.3d 278, 280 (3d Cir 2004). Only a judgment docketed in this manner triggers the time period within which an appeal must be filed. Id. The District Court's order does not constitute a separate judgment under Rule 58. See In re Cendant Corp., 454 F.3d 235, 242-45 (3d Cir. 2006); Okonite, 358 F.3d at 284. Accordingly, Burke had 150 days from the entry of the order in which to file his notice of appeal. See Fed. R. Civ. P. 58(b)(2)(B).

Under these circumstances, the notice of appeal was timely. The motion to dismiss is denied; we have jurisdiction pursuant to 28 U.S.C. § 1291.

### III.

In its order granting the motions to dismiss, the District Court also dismissed as moot Burke's motion to amend; the order does not mention the November 29, 2005, submission. It appears that the District Court did not consider the document, possibly because the document was not received by the District Court.

It is undisputed that Burke had the right to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (*in forma pauperis* plaintiffs should be given leave to amend unless amendment would be inequitable or futile); Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served").

The District Court had ample notice that Burke was attempting to amend his complaint in

4

compliance with its order directing him to provide more specific information. Burke's November 29, 2005, document contains a proof of service page on which he certifies mailing the document, via prison authorities, to both the defendants and the District Court. In his brief to this Court, Burke represents that he filed the document with the District Court. The defendants successfully received the document, as demonstrated by its inclusion in the Supplemental Appendix filed in this Court. Even if the District Court did not receive the document because of postal service irregularities, the District Court had notice of Burke's submission of the completed memorandum in a motion Burke later filed seeking to correct a clerical error in the memorandum. See Appellant's "Motion to Correct Clerical Error in Petitioner's Reply . . . ."; cf. Wilson v. Sargent, 313 F.3d 1315, 1320-21 (11th Cir. 2002) (district court should ascertain whether the plaintiff has attempted to comply with fee order before dismissing complaint for failure to pay fee). Burke's "Motion to Correct" was entered on the District Court docket before the District Court issued the order granting the motions to dismiss.

Because the District Court did not evaluate a memorandum submitted by Burke which may have amended the complaint to the point where it did sufficiently state a claim, we will vacate the District Court's order granting the defendants' motions and dismissing the action with prejudice. Upon remand, the District Court shall consider the November 29, 2005, document as a response to its order entered November 9, 2005. If the District Court does not have a copy of the document, the Court should provide Burke an opportunity to file the document again, and give him sufficient time to do so.

5

Accordingly, we will vacate the District Court's order entered December 19, 2005, order

and will remand this matter for proceedings consistent with this opinion.