

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# In Re: Diet Drugs

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1339

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Diet Drugs " (2009). *2009 Decisions.* Paper 1687.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1687

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1339
_____

IN RE: DIET DRUGS
(PHENTERMINE/FENFLURAMINE/DEXFENEFLURAMINE)
PRODUCT LIABILITY LITIGATION


Geraldine J. Gibson,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 99-cv-20593, MDL 1203)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 24, 2008

Before: MCKEE, HARDIMAN AND ROTH, Circuit Judges

(Opinion filed March 26, 2009)
_____

OPINION
_____

PER CURIAM

        Geraldine Gibson sought to register for benefits under a trust established in a

nationwide Fen-Phen litigation settlement.  However, she did not obtain a private

echocardiogram in time to preserve her rights to benefits.  In the District Court, she

argued that she remained eligible to receive benefits because her failure to meet the echocardiogram deadline could be attributed to excusable neglect. The District Court rejected Gibson's contention, detailing its reasons in a nine-page memorandum. The District Court's one-page, separately paginated order directly following the memorandum was entered on the docket on November 27, 2007. On January 7, 2008, Gibson filed her notice of appeal.

The issue is whether the separate judgment rule saves Gibson's appeal from being dismissed as untimely filed. A notice of appeal in a civil case in which the United States is not a party is timely if it is filed within 30 days of the entry of the order or judgment being appealed. See Fed. R. App. P. 4(a)(1). If Rule 58 of the Federal Rules of Civil Procedure requires a separate document, as it does in this case, the order is not considered entered until it is entered on the docket under Rule 79(a) of the Federal Rules of Civil Procedure and the earlier of these two events occurs: (1) the order is set forth on a separate document, or (2) 150 days have run from the order's entry on the docket pursuant to Rule 79(a). See Fed. R. App. P. 4(a)(7)(A)(ii). If the District Court did not issue its order on a separate document, then Gibson had 180 days to file her notice of appeal. See Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223 (3d Cir. 2007).

On balance, we conclude that the District Court issued its order on a separate document. An order is considered a separate document if (1) it is self-contained and separate from the opinion, (2) it notes the relief granted, and (3) it omits (or at least

2

substantially omits) the court's reasons for disposing of the claims. See Leboon, 503 F.3d at 224. The District Court's order in this case easily satisfies the second and third criteria. In the order, the District Court clearly stated that Gibson's motion "is DENIED." Also, on the order page, the District Court referred to "the reasons stated in the accompanying Memorandum." Whether the District Court's order satisfies the first criterion is a closer case. However, given that the dated and signed order is on its own full page that is captioned, titled, and paginated separately from the District Court's memorandum, we conclude that it is self-contained and separate from the opinion.[1] Compare Leboon, 503 F.3d at 224, with Local Union No. 1992 of IBEW v. Okonite Co., 358 F.3d 278, 285 (3d Cir. 2004).

Because the District Court complied with the separate document rule of Rule 58, we consider the District Court's order entered on November 27, 2007. Gibson did not file her notice of appeal until January 7, 2008, more than 30 days later. Because Gibson's notice of appeal was untimely filed, this Court lacks jurisdiction to consider her appeal. See Bowles v. Russell, 127 S. Ct. 2360, 2363-66 (2007); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Accordingly, we will dismiss Gibson's appeal.

---

[1] However, the District Court may wish to take the additional step of separately docketing its orders in the future.