NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2557
_____

FRANCIS V. HUBER;
JEAN L. HUBER,

Appellants

v.

MAURICE A. LAWRUK;
PENN ALTO HOTEL, INC.;
PENN ALTO SERVICES, INC.;
PENN ALTO ASSOCIATES LIMITED PARTNERSHIP
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 07-145)
District Judge: Honorable Kim R. Gibson
_____

Submitted Under Third Circuit LAR 34.1(a)
February 10, 2011
_____

Before: JORDAN, GREENAWAY, JR., GARTH, Circuit Judges

(Opinion Filed: March 3, 2011)

_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Francis V. Huber and Jean L. Huber ("Appellants" or "the Hubers") seek review[1] of the decision of the District Court for the Western District of Pennsylvania granting, in part, Appellants' motion for summary judgment. Specifically, the District Court found Penn Alto Associates Limited Partnership ("PAA") liable for the principal and interest due under a promissory note for the sale of the Penn Alto Hotel. The District Court also granted summary judgment in favor of the remaining defendants on all other claims in the complaint.[2] While we find the question of our appellate jurisdiction troublesome,[3] we

---

[1] The notice of appeal filed by the Hubers also sought to appeal the District Court's decision on the Huber's claim for attorney's fees. However, the Hubers did not raise any arguments in their opening brief with respect to this order. As such, they have waived this claim. See, e.g., U.S. v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); FED. R. APP. P. 28(a)(9).

[2] In their complaint, the Hubers alleged that Penn Alto Hotel, Inc. ("PAH"), which changed its name to Penn Alto Services, Inc. ("PAS"), and Maurice A. Lawruk ("Lawruk"), as partners in PAA, were liable for PAA's breach of the note. Additionally, the Hubers sought to pierce the corporate veils of PAA, PAS and PAH in order to find Lawruk liable for the damages associated with the breach of the note. The Hubers had not sought summary judgment on the first count of their complaint, which they later voluntarily dismissed.

[3] Our concern about our jurisdiction arises from the timing of the filing of the notice of appeal. On March 29, 2010, the District Court entered an order adopting the parties' stipulation of damages. The District Court ruled on the motion for attorney's fees on May 25, 2010. The notice of appeal was filed on May 27, 2010. In Budinich v. Becton Dickinson and Co., 486 U.S. 196, 202 (1988), the Supreme Court adopted a "uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." We have recognized one exception to the general rule established by the Supreme Court. The exception occurs "where the attorneys' fees are an integral part of the contractual relief being sought." Local Union No. 1992 of the Internat'l Brotherhood of Electrical Workers v. The Okonite Co., 358 F.3d 278, 287 n.13 (3d Cir. 2004). While the Hubers cited § 3.3 of the note in their briefs seeking attorney's fees, they made no mention of this section of the note in their complaint. As such, we are unable to determine the true basis for their request for attorney's fees — the note or common law. If they sought relief under the note, their appeal would be timely. If they sought relief under the common law, their appeal would

nonetheless conclude that the appeal has no merit. For the reasons set forth in the District

Court's opinion, we will affirm the judgment of the District Court.

---

be untimely. Since the ultimate outcome of the case will be the same, we are assuming, for the sake of this opinion, that the Hubers sought attorney's fees pursuant to § 3.3, thus avoiding a nettlesome jurisdictional question.