**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1668
_____

LYNNE THOMPSON,
                                   Appellant

v.

BOARD OF PROBATION & PAROLE (PENNSYLVANIA);
DEPARTMENT OF CORRECTIONS; HEATHER HILDENBRANDT, Parole Agent;
MR. DOUGLAS, Hearing Examiner; JUDGE RANDAL B. TODD;
JEREMY STEWART, SCI-Cambridge Spring(s), Parole Supervisor;
MS. TORMA; DR. RICHARD LEARN; ET AL.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:16-cv-01161)
Magistrate Judge: Honorable Maureen P. Kelly
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 11, 2020

Before: JORDAN, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: May 20, 2020)
_____

_____

OPINION[*]

_____

PER CURIAM

Lynne Thompson appeals the District Court's order dismissing her complaint. For the reasons below, we will affirm.

Thompson has multiple convictions for theft. Several of these convictions have been the grounds for revocations of parole and probation. In January 2016, Thompson filed a complaint in the Court of Common Pleas of Allegheny County alleging that in August 2014, she had been wrongfully arrested by a state parole agent and had a detainer placed on her. Appellees removed the case to the U.S. District Court for the Western District of Pennsylvania and filed motions to dismiss. A magistrate judge, sitting by consent of the parties, granted the motions to dismiss, determining that appellee Judge Randal Todd was entitled to judicial immunity and that Thompson's remaining claims were barred by Heck v. Humphrey. See 512 U.S. 477, 486–87 (1994) (to recover damages for allegedly wrongful imprisonment, plaintiff must demonstrate that the confinement has been found unlawful). Thompson filed a motion for reconsideration, which the District Court denied. She then filed a notice of appeal.

Appellees argue that the notice of appeal was untimely filed and that this Court lacks jurisdiction over the District Court's final order. However, because the magistrate judge's

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

November 2, 2017 order did not comply with the separate-document rule, see Fed. R. Civ. P. 58(a),[1] the judgment was deemed entered for purposes of Federal Rule of Appellate Procedure 4(a) on the date when 150 days had run from entry of the order on the civil docket. See Fed. R. App. P. 4(a)(7)(A)(ii). Thus, Thompson's notice of appeal dated March 22, 2018, was timely filed with respect to the November 2, 2017 order, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Thompson makes several generalized assertions regarding her claims, but we can discern very few comprehensible, specific arguments in her brief that challenge the District Court's judgment. We will address those that we have found.

In her notice of appeal, Thompson argues that Appellees violated a stay order entered by the District Court when they detained her during the District Court proceedings. Thompson misunderstands the scope of the District Court's stay order. That order simply

---

[1] An order is considered a separate document if (1) it is self-contained and separate from the opinion; (2) it notes the relief granted; and (3) it omits (or at least substantially omits) the court's reasons for disposing of the claims. See Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007) (citing Local Union No. 1992 v. Okonite Co., 358 F.3d 278, 285 (3d Cir. 2004)); see also In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir. 2006). Here, the order was not self-contained and separate since it was attached to the District Court's opinion, was paginated consecutively to the opinion, and was not docketed separately. See Leboon, 503 F.3d at 224 ("To be independent of the court's opinion, an order must be separately titled and captioned, not paginated consecutively to the opinion or memorandum, not stapled or otherwise attached to the opinion, and must be docketed separately.").

3

suspended the civil proceedings in the District Court; it did not limit appellees' actions in her state-court criminal proceedings or proceedings before the parole board.

In her brief filed in September 2018,[2] Thompson challenges the dismissal of the claims against appellee Judge Todd, a state-court judge overseeing one of her criminal proceedings. However, by order entered May 29, 2019, we granted Todd's motion for summary action and summarily affirmed the District Court's judgment with respect to the claims against him. The District Court correctly determined that he was entitled to judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).

Thompson argues in her brief that she was wrongfully incarcerated from March 8, 2017, until August 25, 2017. This period of incarceration, however, was already the subject of a lawsuit and appeal to this Court. In September 2019, we held that Thompson's claims of wrongful detention regarding this time period were barred by Heck. See Thompson v. Pa. Bd. of Prob. & Parole, 777 F. App'x 589, 590 (3d Cir. 2019) (per curiam). She also complains in her brief of being in custody starting on May 17, 2018. But at that time, the District Court had already dismissed her complaint. Thus, that allegation was not before the District Court.

The few allegations Thompson makes in her brief against individual appellees are vague or conclusory. She asserts that Agent Tawnya Peek asked her to sign a paper and Agent Heather Hildenbrandt wrongfully placed her in jail. Thompson also makes

---

[2] In September 2019, Thompson was given the opportunity to file an amended brief. After receiving several extensions of time, Thompson failed to do so.

conclusory statements of a conspiracy against her. Thompson, however, does not set forth any challenges of merit regarding the District Court's judgment.

For the above reasons, we will affirm the District Court's judgment. Appellees' motion to supplement the record is granted. Thompson's motion for an extension of time is denied.